PETER C. WOLFF, JR.          #2332
Federal Public Defender
District of Hawaii

MATTHEW C. WINTER           #8464
Assistant Federal Defender
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii  96850-5269
Telephone:  (808) 541-2521
Facsimile:  (808) 541-3545
E-Mail:     matthew_winter@fd.org

Attorney for Defendant
ROGER CUSICK CHRISTIE (01)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00384 SOM (01) |
| | ) | |
| Plaintiff, | ) | MOTION FOR REVOCATION OF |
| | ) | DETENTION ORDER PURSUANT |
| vs. | ) | TO 18 U.S.C. § 3145(b) AND |
| | ) | MOTION TO RELEASE |
| ROGER CUSICK CHRISTIE   (01), | ) | DEFENDANT ON THE BAIL |
| | ) | CONDITIONS PROPOSED BY |
| Defendant. | ) | PRETRIAL SERVICES; |
| | ) | CERTIFICATE OF SERVICE |

**MOTION FOR REVOCATION OF DETENTION ORDER
PURSUANT TO 18 U.S.C. § 3145(b) AND MOTION TO RELEASE
DEFENDANT ON THE BAIL CONDITIONS
PROPOSED BY PRETRIAL SERVICES**

**I.   INTRODUCTION**

Pursuant to 18 U.S.C. § 3145(b), Roger Cusick Christie asks this Court

to revoke the Magistrate's order of detention.  The Magistrate Judge found that

Mr. Christie presented a danger to the community without making specific findings as to what that danger was. In doing so, the Magistrate Judge denied Mr. Christie's request -- one that was supported by Pretrial Services -- that he be released on a $50,000 personal surety bond, with conditions that include home confinement and electronic monitoring. Thus, Mr. Christie now appeals that order and is requesting a prompt hearing and determination by this Court.

## II.    BACKGROUND

Mr. Christie is the founder and leader of the THC Ministry, which is located in Hilo, Hawaii. That ministry openly operates in Hilo and advocates the use of marijuana in its religious services. Mr. Christie has been the leader of the THC Ministry for the past decade. Up until the date of his arraignment on these charges, Mr. Christie consented to multiple interviews with State and Federal law enforcement agents concerning the THC Ministry's use and advocacy of marijuana. In other words, his use and advocacy of marijuana has been known to State and Federal authorities for some time.

On June 24, 2010, Mr. Christie was charged in a sealed indictment with three counts. The charges are: (1) conspiracy to manufacture, distribute and possess with the intent to distribute 100 or more marijuana plants; (2) manufacturing marijuana, i.e., 240 marijuana plants; and (3) possession with the intent to distribute 240 marijuana plants. On July 8, 2010, Mr. Christie and other defendants were

arrested in Hilo. On July 9, 2010, Mr. Christie appeared in Federal District Court, Honolulu, for arraignment on the Indictment. At that hearing, Mr. Christie pled not guilty to all charges. Also, at that hearing, and due to the government's filing of a motion to detain Mr. Christie, the Magistrate Judge set a detention hearing for July 13, 2010.

Prior to the detention hearing, Mr. Christie consented to an interview by Pretrial Services. And on July 13, 2010, Pretrial Services presented the report of that interview to the Magistrate Judge and counsel. That report recommends that Mr. Christie be released on pretrial supervision.[1] The recommendation is based on Mr. Christie's 25-year residency in Hilo, his ties to the community, his good health, his lack of any recent criminal history, and his agreement to abide by the conditions recommend in the Pretrial Services Report.

Most notable, in light of the charges and Mr. Christie's background, is the fact that Mr. Christie has agreed to drug testing and has told Pretrial Services that he can stop using marijuana. See Pretrial Services Report at 2.

---

[1] The Pretrial Services Report recommends that Mr. Christie be released on an unsecured bond of $50,000, that he abide by home detention and electronic monitoring, and that he not possess illicit drugs or be in the presence of illicit drug users or traffickers. See Proposed Pretrial Release Conditions at Pretrial Services Report pp. 4-5.

On July 13, 2010, the detention hearing was held. At the detention hearing, Mr. Christie's counsel stated that Mr. Christie agreed to abide by all of the proposed conditions, and that if he works at the THC Ministry there would not be illicit drugs (including marijuana) on the premises or in the possession of any individuals with whom Mr. Christie would or could have contact. As such, the THC Ministry's mission would be altered due to the current prosecution of Mr. Christie and others, and the Ministry's distribution and use of marijuana will cease during the pendency of this case.

The government advocated for stricter release conditions, including the consideration of the Mahoney Hale Halfway House. It was the government's worry that Mr. Christie, due to his history of marijuana use and advocacy, would have difficulty staying away from marijuana. However, and in light of both counsel's arguments, the Magistrate Judge found that no condition or combination of conditions could be set to assure that Mr. Christie would not pose a danger to the community, and thus ordered Mr. Christie detained pending trial.[2]

---

[2] Currently, only a Minute Order exists. That order states: "Defendant requests for release. Government has concerns as to release. Motion to Detain granted and terminated. Government to prepare the order." See Doc. 93, filed July 13, 2010.

### III.  ARGUMENT

When someone is accused of a crime in our society, liberty, not detention, is the norm. See United States v. Salerno, 481 U.S. 739, 755 (1987); see also Motamedi, 767 F.2d at 1405 ("federal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail"). The Bail Reform Act ("the Act") thus generally "mandates release of a person facing trial under the least restrictive condition or combination of conditions." Id. The Act provides that the accused "shall" be placed on pre-trial release, "*unless* the [court] determines that such release ... will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added). Even if there is a risk that the accused might pose a danger to the community if released, the Act *still* generally requires conditional release. See 18 U.S.C. § 3142(c).

In large part, the Supreme Court upheld the constitutionality of the Act precisely because it only "allows a federal court to detain an arrestee pending trial if the Government demonstrates by clear and convincing evidence after an adversary hearing that no release conditions will reasonably assure the safety of any other person and the community." Salerno, 481 U.S. at 741 (quotation marks and ellipsis omitted); see also 18 U.S.C. § 3142(f) (requiring that detention based upon the safety of the community be based on "clear and convincing evidence). As is relevant here, the Act thus *precludes* detaining Mr. Christie prior to trial unless clear and

convincing evidence establishes that "no condition or combination of conditions will reasonably assure … the safety of any other person and the community." 18 U.S.C. § 3142(e) and (f)(1); accord Salerno, 481 U.S. at 750.

Release on bail should be denied under the Act only in "rare circumstances" and only for "the strongest of reasons." Motamedi, 767 F.2d at 1405, 1407; see also Salerno, 481 U.S. at 747; United States v. Townsend, 897 F.2d 989, 933-934 (9th Cir. 1990). Because the presumption of innocence remains in full force in such a pre-trial setting, any doubt regarding the propriety of release must be resolved in the accused's favor. See 18 U.S.C. § 3142(j) ("[n]othing in this section shall be construed as modifying or limiting the presumption of innocence"); Motamedi, 767 F.2d at 1405 ("[d]oubts regarding the propriety of release should be resolved in favor of the defendant"); Townsend, 897 F.2d at 933-934. It warrants emphasizing, then, that the danger to the community posed by releasing the accused must be "demonstrable," not simply speculative. Salerno, 481 U.S. at 750. This is because it is only "[w]hen the Government proves by clear and convincing evidence that an arrestee presents *an identified and articulable threat* to an individual or the community" that it may "disable the arrestee from executing that threat" by detaining him prior to trial. Id. at 751 (emphasis added).

However, here, there is no identifiable and articulable threat presented by Mr. Christie's release. The fact that Mr. Christie used marijuana in the past does

6

not mean that he cannot abide by conditions of pretrial release. And his prior use and advocacy of marijuana (as an individual or as a part of the THC Ministry[3]) cannot constitute evidence of a *future* threat to an individual or the community.

      The Magistrate Judge's decision to detain Mr. Christie was based on a danger to the community. The foundation of its ruling seems to be based on Mr. Christie's long connection to the THC Ministry. However, the exact threat that Mr. Christie's relationship poses to an individual or the community was never cited by the Judge. And without such findings, the Magistrate Judge's ruling could not have been based on a clear and convincing standard of proof. The fact that the Magistrate Judge failed to articulate a theory or reason, let alone make mention of the clear and convincing standard, suggests that it instead applied a presumption of detention. Because otherwise, the 18 U.S.C. § 3142(g) factors overwhelming support Mr. Christie's release on bond.

      ***The nature and circumstances of the charged offense.*** The government accuses Mr. Christie of (1) conspiracy to manufacture, distribute and possess with the

---

[3] Regardless of the THC Ministry's past practices, its mission has been altered by the current prosecutions. Due to this prosecution, Mr. Christie, and others involved in the Ministry, recognize that the federal government prohibits any practice that includes the use of marijuana. Thus, Mr. Christie and the Ministry will respect the Court's order and the Ministry's distribution and use of marijuana will cease during the pendency of this case. Mr. Christie instead plans to continue individual and group counseling of THC Ministry members. However, any counseling will not involve the presence or use of marijuana.

intent to distribute 100 or more marijuana plants; (2) manufacturing marijuana, i.e., 240 marijuana plants; and (3) possession with the intent to distribute 240 marijuana plants. In these pretrial proceedings, Mr. Christie is presumed innocent of the charges, the most severe of which carries a five-year minimum penalty. In any event, the allegations against Mr. Christie involve non-violent activity. There are no threats, to an individual or community, stemming from the allegations contained in the Indictment.

*__The weight of the evidence.__* Especially here, where the charged offense is a non-violent one, this factor is the least significant. See Motamedi, 767 F.2d at 1408. A court accordingly errs in relying on the government's "assertions of guilt." Id. This is because the Act does not condone making any pretrial determination of guilt in order to justify detaining a presumptively innocent accused. See id. Rather, this factor, as well as the first (nature-and-circumstances-of-the-charged-offense) factor, "may be considered only in terms of the likelihood that the person … will pose a danger to any person or to the community." Id. The charged offense, even if supported by "strong" evidence, simply does not pose "an identified and articulable threat to any individual or the community" that cannot be assuaged by conditions designed to prevent Mr. Christie from possessing marijuana.

***Mr. Christie's history and characteristics.*** This factor strongly favors release. Mr. Christie's community ties are strong. He has been a resident of Hilo for the past twenty-five years. He has no recent criminal history, and the criminal history he does have amounts to a deferred prosecution for promoting a detrimental drug in 1992. While he is the founder and leader of the THC Ministry, Mr. Christie recognizes -- as a consequence of his arrest -- that the federal government prohibits any practice that includes the use of marijuana. Thus, Mr. Christie and the Ministry will respect the Court's order and the Ministry's distribution and use of marijuana will cease during the pendency of this case.

***The nature and seriousness of the danger Mr. Christie poses.*** Simply put, the Magistrate failed to give this factor the due consideration it deserves, especially before finding that Mr. Christie poses a danger to the community. The fact, as pointed out by the government, that Mr. Christie was involved with the use and distribution of marijuana thorough his work with the THC Ministry, is not a factor that supports a finding of dangerousness. In addition, the proposed pretrial release conditions -- which provide for the testing and monitoring of Mr. Christie -- will ensure that he will not use, or be in the presence of, marijuana during his pretrial release.

The decision to detain Mr. Christie at best was made due to a perception that he will not be able to divorce himself from the drug use that the THC Ministry advocated. But this perception is pure speculation and fails to present an articulable danger. And more importantly, clear and convincing evidence cannot be based on speculations and unfounded inferences. Rather, clear and convincing evidence is evidence leaving no substantial doubt in the decision-maker's mind and proving that the proposition at issue is not merely probable, but *highly* probable. See NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 5.2. Only speculation -- not clear and convincing evidence -- supports the notion that Mr. Christie might revert back to his use of marijuana. Yet even if we believe this speculation, and he does revert back to marijuana use, that use does not pose an identifiable and clear and convincing danger to an individual or the community.

## IV.   CONCLUSION

Defendant-appellant Roger Cusick Christie urges this Court to reverse the magistrate's detention orders and order that he be released subject to the conditions proposed by Pretrial Services.

DATED: Honolulu, Hawaii, July 13, 2010

      /s/ Matthew C. Winter
      MATTHEW C. WINTER
      Attorney for Defendant
      ROGER CUSICK CHRISTIE (01)

# CERTIFICATE OF SERVICE

I, MATTHEW C. WINTER, hereby certify that on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address on July 14, 2010:

Served Electronically through CM/ECF:

    MICHAEL K. KAWAHARA
    Assistant United States Attorney
    PJKK Federal Building
    300 Ala Moana Boulevard, Room 6100
    Honolulu, Hawaii  96813

    Attorney for Plaintiff
    UNITED STATES OF AMERICA

Served by hand-delivery:

    JULIE A. WALL
    United States Pretrial Services Officer
    PJKK Federal Building
    300 Ala Moana Boulevard, Room 7222
    Honolulu, Hawaii  96813

                    /s/ Matthew C. Winter
                    MATTHEW C. WINTER
                    Attorney for Defendant
                    ROGER CUSICK CHRISTIE (01)