IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 10-00384 SOM (01) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROGER CUSICK CHRISTIE    (01), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION
ORDER

BACKGROUND

Roger Cusick Christie ("Defendant") is the founder and
leader of the THC Ministry, which is located in Hilo, Hawaii.
See Defendant's Memorandum in Support of his Motion for
Revocation of Detention Order ("Defendant's Motion Mem.") at 2.
Defendant has been the leader of the THC Ministry for the past
decade.   Id.

On June 24, 2010, Defendant was charged in a sealed
indictment ("Indictment") with three counts: (1) conspiracy to
manufacture, distribute, and possess with the intent to
distribute 100 or more marijuana plants; (2) manufacturing
approximately 284 marijuana plants; and (3) possession with the
intent to distribute approximately 284 marijuana plants.   Id.[1]

---

[1] There are fourteen defendants charged in the Indictment.

On July 8, 2010, Defendant, as well as other co-defendants, were arrested in Hilo.  Id.  On July 9, 2010, the United States of America ("Government") filed a motion to detain Defendant without bail ("Government's Motion to Detain").[2]  The same day, Defendant appeared before United States District Judge J. Michael Seabright for arraignment on the Indictment.  Id. at 3.  At the arraignment hearing, Defendant pled not guilty as to all charges.  Id.  Also, due to the Government's Motion to Detain, a detention hearing was scheduled for July 13, 2010, before Magistrate Judge Kevin S.C. Chang.

Prior to the detention hearing, Defendant was interviewed by the Office of Pretrial Services ("Pretrial Services").  On July 13, 2010, Pretrial Services issued a report ("PSR") which recommended, inter alia, that Defendant (1) be released on an unsecured bond of $50,000, (2) that he abide by home detention and electronic monitoring, and (3) that he not possess illicit drugs or be in the presence of illicit drug users or traffickers.  See PSR at 4-5.

---

[2] The Government's Motion to Detain pertained to all fourteen defendants, but the other thirteen defendants have since been released on bail.  At the hearing on this motion, the Government represented that although the other co-defendants have been released on bail, Defendant Christie should be detained because he is the leader of the THC Ministry and was more extensively involved in the alleged criminal activity.  See 7/16/10 Tr. 14:15-15:2 (rough draft of transcript) ("Tr.").

Magistrate Judge Chang held a detention hearing on July 13, 2010.[3/]   At the hearing, Defendant's counsel argued that Defendant should be released in accordance with the PSR because Defendant has agreed to abide by all of the proposed conditions, and also agreed that if he continued to work at the THC Ministry there would not be illicit drugs (including marijuana) on the premises or in the possession of any individuals with whom Defendant would or could have contact.   Defendant's Motion Mem. at 4.

The Government opposed the recommendation in the PSR, and asserted that Defendant should be detained pending trial.[4/] Among other things, the Government explained at the detention hearing that even after the Drug Enforcement Agency ("DEA") removed marijuana and other contraband from the Ministry and Defendant's residence during warranted searches on March 10, 2010, marijuana was discovered during followup warranted searches of the Ministry and his residence on July 8, 2010, which were concurrent with his arrest.

_____

[3/] As part of its de novo review of the proceedings below, the Court has listened to an audio recording of the detention hearing before Magistrate Judge Chang.

[4/] As an alternative basis, the Government argued that Defendant should be released to the Mahoney Hale half-way house, located on Oahu.   However, at the hearing on this motion, both counsel agreed that the Mahoney Hale half-way house would not be appropriate.   See Tr. 11:20-21, 19:14-20:2.

After reviewing the record and considering the arguments of counsel, at the hearing Magistrate Judge Chang found that Defendant presented a danger to the community.  In addition, Magistrate Judge Chang found that the conditions set forth in the PSR do not adequately or properly address the risk to the community, and that there were no conditions that could address the risk to the community.  As a result, Magistrate Judge Chang denied Defendant's request that he be released on bail pending trial.  Magistrate Judge Chang directed the Government to prepare the written order.

On July 14, 2010, prior to the entry of Magistrate Judge Chang's written order, Defendant filed a "Motion for Revocation of Detention Order Pursuant to 18 U.S.C. § 3145(b) and Motion to Release Defendant on the Bail Conditions Proposed By Pretrial Services" ("Defendant's Motion for Revocation").

On July 15, 2010, the Government filed an opposition to Defendant's Motion for Revocation ("Opp'n").

Prior to the hearing on Defendant's Motion for Revocation, Pretrial Services prepared a Supplemental Pretrial Services Report ("Supp. PSR"), which revoked its previous recommendation, and instead recommended that Defendant be released to Mahoney Hale half-way house, located on Oahu.  The Supplemental PSR noted, however, that due to overflow Defendant would not be able to be housed in Mahoney Hale for 4-6 weeks.

4

Supp. PSR at 2.  At the hearing on this motion, both counsel
agreed that release to Mahoney Hale would not be appropriate in
this case.

The Court held a hearing on Defendant's Motion for
Revocation on July 16, 2010.  At the hearing, Defendant's counsel
explained that, although the Government (pursuant to Magistrate
Judge Chang's direction) had prepared a draft detention order for
his review, he had not approved the form of the proposed written
order because it was more detailed than Magistrate Judge Chang's
oral ruling on July 13, 2010.  The Court, however, reminded
Defendant's counsel that written orders often contain a more
detailed explanation of a court's ruling.  Nevertheless, because
this Court reviews motions to revoke detention orders de novo,
both parties agreed that the hearing could proceed without the
Magistrate's written order first being entered.  Following oral
arguments by counsel, this Court orally denied Defendant's Motion
for Revocation.

After the hearing, Magistrate Judge Chang's written
order was filed ("Detention Order").  In the Detention Order,
Magistrate Judge Chang stated the following reasons, <u>inter alia</u>,
as a basis for his decision:

> (1) as charged in the Indictment, [Defendant's]
> THC Ministry is alleged to be the centerpoint and
> focus of his charged marijuana manufacturing and
> trafficking activities;

(2) as indicated in the PSR, [Defendant] advised
Pretrial Services that "he has been operating
[the] THC Ministry for the past ten years.  He
declined to provide his income, but informs he
puts all of his earning back into the ministry."
In short, the Ministry has been [Defendant's] sole
livelihood and means of support for a considerable
period of time;

(3) as further indicated in the PSR, when officers
searched the Ministry and [Defendant's] residence
on March 10, 2010, approximately two pounds of
marijuana and almost $20,000 was [sic] seized.
Neither [Defendant] nor his co-defendant
Sherryanne St. Cyr were arrested at that time;

(4) as further indicated in the PSR, when officers
searched the Ministry and [Defendant's] residence
four months later on July 8, 2010, approximately
one pound of marijuana and $4,000-5,000 of cash
was [sic] seized.  In other words, it appeared
that [Defendant] decided to recommence the
Ministry's trafficking activities sometime
subsequent to the searches on March 10, 2010;

(5) it is reasonable to believe that if left on
his own in the Hilo area (where all of the crimes
alleged in the Indictment occurred) and consistent
with his prior conduct set forth in (4) above,
[Defendant] would again recommence similar
Ministry activities and thereby commit further
crimes.

Detention Order at 2-3.

## STANDARD OF REVIEW

When the district court acts on a motion to revoke a

magistrate's pretrial detention order, it should engage in de

novo review of the contested order.  United States v. Koenig, 912

F.2d 1190, 1192-93 (9th Cir. 1990).  The Court must "review the

evidence before the magistrate" and any additional evidence

proffered by the parties "and make its own independent

determination whether the magistrate's findings are correct, with no deference." Id. at 1193.

## APPLICABLE LAW

Under the Bail Reform Act of 1984 (the "Act"), defendants must be released pending trial unless the Court finds that no condition or combination of conditions will reasonably assure their appearance at trial or the safety of the community. 18 U.S.C. § 3142(e); see also United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008).[5]

Where, as here, there is probable cause to believe that the defendant committed a charged offense which is punishable under the Controlled Substances Act by a penalty of 10 years or more, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.[6]  18 U.S.C. §

_____

[5] In the present case, the Court need not address whether Defendant is a flight risk because the Government only seeks to detain Defendant on the grounds that he is a danger to community, to which the Court agrees. See United States v. Fortna, 769 F.2d 243, 249 (5th Cir. 1985) (observing that under § 3142(e), "the lack of reasonable assurances of either the defendant's appearance or the safety of others or the community is sufficient; both are not required" (emphasis in original)).

[6] A federal grand jury's return of an indictment, based upon probable cause, will independently trigger the Act's rebuttable presumption. United State v. Vargas, 804 F.2d 157 (1st Cir. 1986). Defendant stands charged in the Indictment with three counts of marijuana trafficking offenses, each of which, if he is convicted, carry a statutory penalty under the Controlled Substances Act of 5-40 years imprisonment. See 21 U.S.C. §
(continued...)

3142(e); see also United States v. Rueben, 974 F.2d 580, 586 (5th

Cir. 1992).  In Reuben, the Fifth Circuit explained:

> The rebuttable presumption of § 3142(e) shifts to
> the defendant only the burden of producing
> rebutting evidence, not the burden of persuasion;
> however, the mere production of evidence does not
> completely rebut the presumption.  In making its
> ultimate determination, the court may still
> consider the finding by Congress that drug
> offenders pose a special risk of flight and
> dangerousness to society.

Rueben, 974 F.2d at 586; see also Hir, 517 F.3d at 1086.

In determining whether there are conditions of release

that will reasonably assure the safety of any other person and

the community, the court shall consider the four factors listed

in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the

offense charged, including whether the offense involves a

controlled substance; (2) the weight of the evidence against the

person; (3) the history and characteristics of the person,

including the person's character, physical and mental condition,

family and community ties, employment, financial resources, past

criminal conduct, and history relating to drug or alcohol abuse;

and (4) the nature and seriousness of the danger to any person or

the community that would be posed by the defendant's release.  18

U.S.C. § 3142(g).  As noted above, even after the presumption is

rebutted, the presumption "'remains in the case as an evidentiary

---

[6/](...continued)
841(b)(1)(B).

finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'"  Hir, 517 F.3d at 1086 (citing United States v. Dominquez, 783 F.2d 702 (7th Cir. 1986) (involving drug trafficking)); see also United States v. Martir, 782 F.2d 1141, 1144-45 (2nd Cir. 1986) (holding that even after a defendant charged with drug trafficking rebuts the statutory presumption, the court must continue to give the presumption weight in deciding whether the defendant should be detained prior to trial).

A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence."  18 U.S.C. § 3142(f)(2)(B).  The risk of continued drug trafficking on bail constitutes a risk to the community.  Rueben, 974 F.2d at 586.

## DISCUSSION

After reviewing the evidence as a whole, the Court concurs with Magistrate Judge Chang's determination that Defendant must be detained pending trial because he poses a danger to the community, and no condition or combination of conditions will reasonably assure the safety of the community.

## I.        The Rebuttable Presumption

In this case, Defendant has failed to overcome the presumption that he is a danger to community because he has produced insufficient evidence to indicate that he will not

9

continue to engage in drug trafficking if released on bail pending trial. His main argument appears to be that he will agree to stop using and trafficking drugs, however this promise to comply with the law is insufficient to defeat the presumption of danger to the community. See Rueben, 974 F.2d at 587 (finding that the defendants had failed to rebut the presumption that they were a risk to the community where the government presented substantial evidence to show that defendants had continuously engaged in the trafficking of drugs for several years); see also United States v. Tortora, 922 F.2d 880, 886 (1st Cir. 1990) (observing that release conditions contained "an Achilles' heel . . . [where] virtually all of them hinge on the defendant's good faith compliance").

Accordingly, because the presumption has not been rebutted, and because the Government has come forward with evidence establishing that Defendant poses a risk to the community, detention pending trial is proper in this instance.

## II.      Weighing the § 3142(g) Factors

Even had Defendant rebutted the presumption, weighing the factors of § 3142(g) the Court finds that the Government has come forward with clear and evidence that Defendant poses a danger to the community.[7/]

---

[7/] Although Magistrate Judge Chang's oral ruling did not mention the clear and convincing standard, in the Detention Order (continued...)

**A.    The Nature and Circumstances of the Offense Charged**

The nature of the offense weighs strongly in favor of detention, as the distribution of drugs is a serious offense. See United States v. Townsend, 897 F.2d 989, 994 (9th Cir. 1990) (finding that conspiring to defraud the government was a serious offense because it was comparable to violence or the distribution of drugs).  Although Defendant seems to argue that only violent crimes are serious and warrant detention, the distribution of drugs is a serious offense.  See 18 U.S.C. § 3142(g)(1) (specifically requiring the court to consider whether the offense involves "a controlled substance"); see also United States v. Acevado-Ramos, 755 F.2d 203, 207 (1st Cir. 1985) (noting that the concept of "dangerousness" under the Act includes the concern that a defendant may commit a crime while released on bail (cited with approval in United States v. Windsor, 785 F.2d 755, 756-57 (9th Cir. 1986)); United States v. Leon, 766 F.2d 77, 81 (2nd Cir. 1985) (noting that the harm to society caused by drug trafficking is encompassed within Congress' definition of "danger" in the Act).  Indeed, it is for this reason that the Act

---

[7]/(...continued)
he found that the Government had come forward with clear and convincing evidence that Defendant poses a risk to the community. See Detention Order at 2.  Even had Magistrate Judge Chang not expressly applied the clear and convincing standard, reviewing the decision de novo, this Court now finds that the Government had come forward with clear and convincing evidence that Defendant poses a risk to the community.

imposes a rebuttable presumption of danger to the community for certain drug related offenses, for which Defendant now stands charged.

Although pretrial detention calls for a highly fact-specific inquiry, defendants charged with distributing marijuana or other controlled substances have often been detained pending trial. See e.g., United States v. Rueben, 974 F.2d 580 (5th Cir. 1992) (reversing a district court's revocation of a detention order of two defendants charged with conspiracy to possess with intent to distribute marijuana because the presumption of detention was unrebutted); United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991) (reversing a district court's order releasing a defendant on bond who was charged with conspiracy to distribute more than 1,000 kilograms of marijuana); United States v. Hare, 873 F.2d 796 (5th Cir. 1989) (holding that a district court could refuse to set aside a detention order based on risk of dangerousness to the community from the likelihood that the defendant would continue drug dealing if he was released on bond pending trial); United States v. Fisher, No. 08-00205-01, 2008 WL 5111887 (W.D. La. Dec. 3, 2008) (detaining defendant pending trial on charges of conspiracy to possess with intent to distribute cocaine and marijuana was proper); United States v. Lepere, 599 F.Supp. 1322 (D. Mass. 1984) (detaining defendant

charged with conspiracy to import and possess large quantities of marijuana was appropriate).

Accordingly, this factor weighs strongly in favor of detention.

**B.  The Weight of the Evidence Against the Person**

"The weight of the evidence against" Defendant is considerable.  18 U.S.C. § 3142(g)(2).  The Court recognizes that "the weight of the evidence is the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985).  Nevertheless, the weight of the evidence against the person remains a factor as the statute requires that the Court consider the evidence against the person.

Upon review of the evidence presented, the Court finds that the Government has presented clear and convincing evidence that, due to evidence against Defendant and the crimes charged, he poses a danger to the community.  The Court finds the evidence that was discovered during two warranted searches of the Ministry and Defendant's residence particularly relevant.

On March 10, 2010, federal law enforcement officers searched the Ministry, Defendant's residence, and a safety deposit box rented by Defendant and co-defendant Cyr at the Hilo branch of American Savings Bank.  During this search, about 12 live marijuana plants, marijuana seeds, and various liquids in vials suspected to contain marijuana by-products (as tinctures

and oils) were found and recovered at the Ministry.  Opp'n at 5-6.  In addition, approximately two pounds of processed marijuana (845 grams) and various bottles/jars containing suspected marijuana tinctures and oils were seized from Defendant's residence.  Id. at 6.  The search also recovered $21,494 in joint possession of Defendant and co-Defendant Cyr.[8/]  The $21,494 in cash consisted of $9,096 found in a bedroom safe in Defendant's residence, and an additional $12,398 found in the safety deposit box.  Id. at 4-6.

Subsequent to March 10, 2010, federal law enforcement officers learned that Defendant had re-opened the Ministry and appeared to be engaging again in the same prior activities.  Opp'n at 5-7.  During the search of the Ministry and Defendant's residence on July 8, 2010, slightly over one pound of processed marijuana and approximately $5,512 were recovered from Defendant's residence, and small amounts of marijuana were also found at the Ministry.  Id.

In addition, the Government has come forward with evidence of wiretapped conversations in which Defendant, and various other co-defendants, admit that the THC Ministry distributes marijuana, and that membership in the THC Ministry purportedly provides, among other things, a "defense to

---

[8/] Defendant Cyr is Defendant Christie's girlfriend and business partner at the Ministry.  Both reside together at Defendant Christie's condominium apartment.  Opp'n at 2 n.1.

prosecution". <u>See</u> Opp'n at 10-28.  In other words, the THC

Ministry was used to traffic marijuana where "members" of the THC

Ministry would purchase marijuana in return for purported

"donations." <u>Id.</u>  Thus, the Government's evidence indicates that

the purpose of the THC Ministry is to provide a supposed defense

to prosecution, and to legalize an otherwise illegal activity by

selling marijuana by way of purported "donations".  Opp'n at 24-

25.

        As a result, the Court finds that this factor weighs

strongly in favor of detention.

> ### C.    The Nature and Seriousness of the Danger

        Third, "the nature and seriousness of the danger to . .

. the community that would be posed by [Defendant's] release" is

significant.  18 U.S.C. § 3142(g)(4).  As previously indicated,

given the nature of the charges against Defendant, his release

would pose a serious risk to the community given the likelihood

that he would continue to traffic marijuana.  This is evidenced

by that fact that, even after the DEA removed marijuana and other

contraband from the Ministry and Defendant's residence during

warranted searches on March 10, 2010, marijuana was discovered

during followup warranted searches of the Ministry and his

residence on July 8, 2010, which were concurrent with his

arrest.[9/]   <u>See</u> Supp. PSR at 2 ("Given the Court's concerns about the potential for the defendant's continued involvement with THC Ministry and the continued sale and/or distribution of marijuana, it does not appear appropriate to permit the defendant to return to the island of Hawaii at this time."); <u>see also</u> <u>Reuben</u>, 974 F.2d at 587 (noting that the defendants had not produced evidence that "they will not continue to engage in drug trafficking if released on bail pending trial").

Accordingly the Court finds that this factor weighs strongly in favor of detention.

**D.   The History and Characteristics of the Person**

Defendant maintains significant ties to his local community, as he has been a resident of Hilo for the past twenty-five years.   Further, he has no recent criminal history, and the criminal history he does have amounts to a deferred prosecution for promoting a detrimental drug in 1992.

On the other hand, Defendant has been the leader of the THC Ministry for over a decade and has long advocated the use of marijuana.   Moreover, in October 2009, Defendant opened the "Hawaii Cannabis College," which was intended to teach people how to grow and cultivate marijuana.   Opp'n at 21.   The classes included "lighting, cloning, fertilizing, harvesting, curing, and

---

[9/] As discussed <u>supra</u>, approximately two pounds of marijuana and $21,494 were recovered on March 10, 2010, and approximately one pound of marijuana and $5,512 were recovered on July 8, 2010.

more," and could be attended for a "$100 donation." Id.
Defendant asserts that his arrest has led him to understand that
the federal government prohibits the use and distribution of
marijuana, but this promise does not convince the Court that
Defendant will cease to distribute and use marijuana if he were
to be released pending trial.  In addition, as described above, a
March 2010 warranted search of Defendant's residence did not
cause Defendant to cease operation of the THC Ministry, as
marijuana was again found at the THC Ministry and his residence
in July 2010.

        Accordingly, the Court finds that this factor is
neutral; although it is a very close call whether this factor is
neutral or slightly weighs in favor of detention.  Further, even
if this factor weighs in favor of release, detention would remain
appropriate because all of the other remaining factors strongly
weigh in favor of detention.  See Rodriguez, 950 F.2d 85, 89 (2nd
Cir. 1991) (explaining that "[a]lthough a prior record of
violence eases the government's burden of showing dangerousness,
it is not essential"); see also Hir, 517 F.3d at 1091 (finding
that detention was appropriate even though the history and
characteristics of the defendant weighed against a finding of
dangerousness).

**E.    Conclusion**

In summary, the Court finds that the Government has

come forward with clear and convincing evidence that Defendant

poses a danger to the community.  Having reached this conclusion,

the Court must determine whether there is a "condition or

combination of conditions [that] will reasonably assure . . . the

safety of any other person and the community."  See 18 U.S.C. §

3142(e).

Although the proposed conditions of release in the PSR

are strict, they depend on Defendant's good faith compliance to

be effective and therefore do not adequately assure the safety of

the community in this instance.  See Hir, 517 F.3d at 1092

(citing Tortora, 922 F.2d at 886).

Given the strength of the Government's evidence,

coupled with the statutory presumption that no conditions of

release will reasonably assure the safety of the community where

a defendant is charged with trafficking drugs, the Court finds

there is an unacceptably high risk that Defendant would not

comply in good faith with the proposed conditions, or any other

combination of release conditions, imposed upon him.  This is

especially true given that a previous search of the Ministry and

Defendant's residence in March 2010 did not prevent Defendant

from continuing his involvement in the THC Ministry.  That is,

Defendant has demonstrated by his prior conduct between March and

July of 2010, that it is highly probable he will continue to
commit the same marijuana trafficking crimes with which he is
charged if he is released on bond.  See Opp'n at 31.  Thus, the
conditions do not adequately protect against Defendant continuing
to direct the alleged marijuana distribution operations of the
THC Ministry.

Accordingly, the Court concludes that "no condition or
combination of conditions will reasonably assure . . . the safety
of . . . the community."  18 U.S.C. § 3142(e).

## CONCLUSION

In light of the foregoing, the Court affirms Magistrate
Judge Chang's Detention Order, and Defendant's Motion for
Revocation of Detention Order is DENIED.

In accordance with Magistrate Judge Chang's Detention
Order, the court orders that Defendant be held without bond
pending trial of this matter, as follows:

(1) Defendant Christie is committed to the custody of
the Attorney General for confinement in a corrections facility
separate, to the greatest extent practicable, from persons
awaiting or serving sentences or being held in custody pending
appeal;

(2) Defendant Christie is to be afforded reasonable
opportunity for private consultation with his counsel;

19

(3) On further order of this Court or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant Christie is confined is to deliver him to a United States Marshal for the purpose of appearing in connection with any court proceeding.

IT IS SO ORDERED.

Dated:  Honolulu, Hawai'i, July 20, 2010.



Alan C. Kay
Sr. United States District Judge

United States v. Christie, Cr. No. 10-00384 SOM(1): Order Denying Defendant's Motion for Revocation of Detention Order