IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00384(02) LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROGER CUSICK CHRISTIE (01), | ) | |
| SHERRYANNE L. ST. CYR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT SHERRYANNE L. ST. CYR'S
MOTION TO DISMISS INDICTMENT FOR UNCONSTITUTIONAL VAGUENESS**

Before the Court is Defendant Sherryanne L. St. Cyr's[1] ("St. Cyr") Motion to Dismiss Indictment for Constitutional Vagueness ("Motion"), filed on December 3, 2012. [Dkt. no. 469.] Defendant Roger Cusick Christie ("Christie") filed his Joinder in the Motion on December 7, 2012, and Defendant Aaron George Zeeman ("Zeeman") filed his Joinder in the Motion on December 10, 2012. [Dkt nos. 474, 479.] Plaintiff the United States of America ("the Government") filed its memorandum in opposition on January 25, 2013. [Dkt. no. 526.] St. Cyr filed her reply on February 25, 2013. [Dkt. no. 555.] This matter came on for hearing on March 4, 2013. Appearing on behalf of Christie was

---

[1] On January 6, 2012, St. Cyr and her co-defendant Roger Christie were married, and St. Cyr's surname was changed to "Christie." [Mem. in Supp. of Motion, Exh. 1.] However, in order to avoid confusion among co-defendants, the Court refers to Mrs. Christie as "St. Cyr".

Thomas Otake, Esq., appearing on behalf of St. Cyr was Lynn E. Panagakos, Esq., appearing on behalf of Defendant John Debaptist Bouey, III was Cynthia A. Kagiwada, Esq., appearing on behalf of Zeeman was William M. Domingo, Esq., and appearing on behalf of the Government was Assistant United States Attorney Michael K. Kawahara.  Christie and St. Cyr were also present at the hearing.

After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, the Court concludes that the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb *et seq.* ("RFRA"), and the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* ("CSA"), are not impermissibly vague or overly broad as applied to St. Cyr's alleged offense conduct, and St. Cyr's Motion, as well as Christie's Joinder and Zeeman's Joinder therein, are HEREBY DENIED for the reasons set forth below.

## BACKGROUND

On June 24, 2010, a grand jury sitting in the District of Hawai`i returned a fifteen-count Indictment against the defendants.  The Indictment charged Christie and St. Cyr with:

- Count I:  knowingly and intentionally conspiring to manufacture, to distribute, and to possess with the intent to distribute marijuana, a Schedule I controlled substance, and involving 100 or more marijuana plants, as well as

harvested and processed marijuana and other products containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846;

- Count II:  knowingly and intentionally manufacturing marijuana, a Schedule I controlled substance, and involving 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2; and

- Count III:  knowingly and intentionally possessing with the intent to distribute marijuana, a Schedule I controlled substance, and involving 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.

[Dkt no. 1 at 2-5.[2]]

At the time of the Indictment, St. Cyr and Christie were involved in the operation of the Hawai`i Cannabis Ministry ("THC Ministry") in Hilo, Hawai`i, and Christie had been licensed by the State of Hawai`i to perform marriages as a person ordained by the "Religion of Jesus Hilo" in the denomination or sect known as "Cannabis Sacrament".  [Mem. in Supp. of Motion at 4, Exh. 3.] The beliefs of the THC Ministry include: "the sacramental use of *Cannabis* to exalt consciousness and become closer to God[;] . . .

---

[2] On January 17, 2013, shortly after the instant Motion was filed, a grand jury returned the First Superseding Indictment. [Dkt. no. 509.]  The First Superseding Indictment alleges the same three counts against Christie and St. Cyr as in the Indictment.  [Id. at 2-5.]

that *Cannabis* sacrament opens the mind, frees the soul, and releases the body to commune with God[;] . . . [and practicing] the sacramental use of *Cannabis* for prayer, meditation, worship, and in ceremonies, such as weddings and funerals." [Mem. in Supp. of Motion at 5.]  As a result of these religious beliefs, St. Cyr contends it was necessary to cultivate marijuana and make it available to the congregation. [Id.]

In the instant Motion, St. Cyr asks the Court to dismiss the Indictment on the basis that the RFRA amends the CSA and "requires courts to recognize religious practice exceptions to the CSA on an ad hoc basis under an inherently subjective, imprecise, fact-intensive balancing test . . . ." [Id. at 2.] As a result, St. Cyr maintains, the RFRA is an unconstitutionally vague law, thereby rendering the CSA also impermissibly vague as to the conduct charged in the Indictment.

In opposition, the Government points out that St. Cyr does not contend that the specific offenses with which she has been charged (namely, violations of 21 U.S.C. §§ 846, 841(a)(1), and 856(a)(1)) are void for vagueness, but instead asserts that her affirmative defense under the RFRA renders the CSA's criminal prosecution provisions unconstitutionally vague.  This argument, the Government submits, is without merit because the "void for vagueness" doctrine applies to the crime charged and not to any affirmative defense raised against the criminal charge.  Further,

the Government contends, because Congress intended the RFRA to apply to all Federal crimes, St. Cyr's argument would lead to the absurd result that anyone raising the RFRA as a defense would be immune from prosecution.  The Government contends that the appropriate remedy for unconstitutional vagueness here would be to invalidate the RFRA and, as a result, St. Cyr would be stripped of her religious defense.  [Mem. in Opp. at 2-4.]

In reply, St. Cyr argues that the Government fails to cite law to support its contention that the "void for vagueness" doctrine is limited to the statute charging the crime and does not apply to any affirmative defense.  St. Cyr distinguishes the cases cited by the Government as only holding that a defendant must make a prima facie showing of certain affirmative defenses before being entitled to present evidence of these defenses or receiving applicable jury instructions.  [Reply at 3.]  Further, she asserts, the RFRA is statutory, unlike the defenses involved in the cases cited by the Government, and "'is unusual in that it amends the entire United States Code.'"  [Id. at 4 (quoting Rweyemanu v. Cote, 520 F.3d 198, 202 (2d Cir. 2008)).]  Further, St. Cyr argues, the RFRA may be asserted both as a claim and a defense.  St. Cyr points to two cases cited by the Government, United States v. Woodle, 9 F.3d 774, 778 (9th Cir. 1993), and United States v. Clark, 912 F.2d 1087 (9th Cir. 1990), as illustrative because, in both, the Ninth Circuit reviewed the

5

vagueness challenges brought by defendants convicted of violating specific criminal statutes.  In doing so, the Ninth Circuit examined these criminal statutes as well as statutes and regulations intertwined with them.  Hence, St. Cyr submits, the Ninth Circuit has made it clear that statutory challenges for vagueness are not limited to the statute defining the criminal offense and its elements.  [Id. at 4-6.]

Finally, St. Cyr argues that the Government's contention that the RFRA should be invalidated in its entirety, thereby leaving St. Cyr unable to avail her affirmative defense, is flawed because the RFRA was in effect during the time period charged in the Indictment, and she is making an "applied," rather than "facial" challenge.  [Id. at 7-8.]

## DISCUSSION

St. Cyr contends that the Indictment should be dismissed.  In essence, she argues that her religious practice incorporates the use of marijuana and, therefore, her actions fall within the purview of the RFRA.  St. Cyr argues that, because the RFRA amends the CSA, she should have a recognized religious exception from criminal prosecution under the CSA for her sacramental manufacturing, distribution, and possession of marijuana but for the RFRA being impermissibly vague because it is ambiguous as to the scope of protected religious activity.  As a result, she contends, she could not have known whether her

6

alleged conduct was protected under the RFRA or whether it was prohibited by the CSA.

Marijuana is classified as a Schedule I controlled substance pursuant to the CSA, 21 U.S.C. §§ 801-971, and it is unlawful to manufacture, distribute, dispense, or possess it except as otherwise provided in the statute. See Raich v. Gonzales, 500 F.3d 850, 854-55 (9th Cir. 2007). The RFRA, 42 U.S.C. §§ 2000bb-2000bb-4, "prohibits the Federal Government from substantially burdening a person's exercise of religion, unless the Government demonstrates that application of the burden to the person represents the least restrictive means of advancing a compelling interest." Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 423 (2006) (citation and internal quotation marks omitted); see also Ruiz-Diaz v. United States, 703 F.3d 483, 486 (9th Cir. 2012) ("We have held that the government imposes a substantial burden 'only when individuals are . . . coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions.'" (quoting Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1070 (9th Cir. 2008) (en banc) (internal citations omitted))).

Here, St. Cyr could raise the RFRA as an affirmative defense to the charges against her; specifically, that manufacturing, distributing, and possessing marijuana are part of her religious practice, and the CSA substantially burdens her

exercise of religion.  To establish a prima facie case, St. Cyr must (1) articulate the scope of her beliefs, (2) show that her beliefs are religious, (3) prove that her beliefs are sincerely held, and (4) show that the CSA works a substantial burden on her ability to practice her religion freely.  See United States v. Zimmerman, 514 F.3d 851, 853 (9th Cir. 2007).  Even if the law does create a substantial burden, the CSA may still be upheld if the Government proves that it serves a compelling governmental interest in the least restrictive means possible.  Id.  Courts have found a compelling governmental interest where the government seeks to prevent the influx of thousands of marijuana plants.  Guam v. Guerrero, 290 F.3d 1210, 1222-23 (9th Cir. 2002); see also United States v. Bauer, 84 F.3d 1549, 1559 (9th Cir. 1996) (holding that a defendant could use RFRA to defend against simple possession of marijuana but not against conspiracy to distribute and to possess with intent to distribute).

      In the instant Motion, St. Cyr does not seek to establish her affirmative defense under the RFRA, but instead challenges the RFRA and the CSA as overly broad and ambiguous as applied to her, and therefore unconstitutional.

      Where a statute fails to give an ordinary citizen adequate notice of what is forbidden and what is permitted, it is impermissibly vague.  See Coates v. City of Cincinnati, 402 U.S. 611, 614 (1971) (finding that the ordinance was vague because no

standard of conduct was specified and "[a]s a result, 'men of common intelligence must necessarily guess at its meaning.'" (quoting <u>Conally v. General Construction Co.</u>, 269 U.S. 385, 391, 46 S. Ct. 126, 127, 70 L. Ed. 322 (1926))).  The Ninth Circuit has expressed the void-for-vagueness doctrine as:

> an aspect of due process and requires that the meaning of a penal statute be determinable.  A statute is void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement.

<u>United States v. Clark</u>, 912 F.2d 1087, 1089 (9th Cir. 1990) (quoting <u>Schwartzmiller v. Gardner</u>, 752 F.2d 1341, 1345 (9th Cir. 1984) (citations omitted)).

As in <u>Clark</u>, St. Cyr challenges the statutes "as applied" and not on their face.  A plain reading of the statutes in question does not require guesswork as to their meaning.  St. Cyr acknowledges that "§ 841(a)(1) quite clearly prohibits the manufacture, distribution, and possession with intent to distribute marijuana[,]" [Mem. in Supp. of Motion at 2,] but she believed that "no government agency had any interest in prosecuting [Christie] or his Ministry" [<u>id.</u> at 4].  Thus, the CSA provided sufficient notice to St. Cyr that she may be held criminally responsible.

As to the RFRA, St. Cyr argues that its scope is too broad, and requires courts to scrutinize its application on a case-by-case basis, thus rendering it incapable of ordinary

understanding.  To the contrary, the pertinent language of the RFRA is clear.  Does the CSA "substantially burden" St. Cyr's exercise of religion?  St. Cyr establishes that the sacramental use of marijuana is integral to the practice of her religion.  However, her claim that cultivating marijuana and providing it to the THC congregation are religious "necessities" is merely stated without any support.  But, even assuming she could make the requisite showing of religious practice and substantial burden, it is clearly established that the propagation and sale of hundreds of marijuana plants as a part of one's religious practice is not protected conduct and, even if it were, such activity is outweighed by a compelling governmental interest and prohibitions are enforced in the least restrictive means.  <u>Guerrero</u>, 290 F.3d at 1222-23; <u>Bauer</u>, 84 F.3d at 1559.  The Court therefore concludes that the RFRA and CSA provide sufficient notice and are not unconstitutionally vague as applied to the conduct alleged against St. Cyr.

## **<u>CONCLUSION</u>**

On the basis of the foregoing, Defendant Sherryanne L. St. Cyr's Motion to Dismiss Indictment for Unconstitutional Vagueness, filed on December 3, 2012, the Joinder filed by Defendant Roger Cusick Christie on December 7, 2012, and the Joinder filed by Defendant Aaron George Zeeman on December 10, 2012, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 20, 2013.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. SHERRYANNE L. ST. CYR, ET AL; ORDER DENYING DEFENDANT SHERRYANNE L. ST. CYR'S MOTION TO DISMISS INDICTMENT FOR UNCONSTITUTIONAL VAGUENESS**