THOMAS M. OTAKE                7622
ATTORNEY AT LAW
345 Queen Street, Suite 600
Honolulu, Hawaii 96813
Telephone: (808) 523-3325
E-mail: thomas@otakelaw.com

Attorney for Defendant
ROGER CUSICK CHRISTIE

LYNN E. PANAGAKOS              7696
Attorney at Law
841 Bishop Street, Suite 2201
Honolulu, HI 96813
Telephone: (808) 542-9943
E-Mail: lynnpanagakos@yahoo.com

Attorney for Defendant
SHERRYANNE L. CHRISTIE

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROGER CUSICK CHRISTIE (01),<br>SHERRYANNE L. CHRISTIE (02),<br><br>et al.,<br><br>Defendants. | CR. NO. 10-00384 LEK<br><br>DEFENDANTS ROGER AND SHERRYANNE CHRISTIE'S JOINT MEMORANDUM REGARDING SUBMISSION OF SUPPLEMENTAL EXHIBITS IN SUPPORT OF MOTION IN LIMINE TO PRESENT RELIGIOUS FREEDOM RESTORATION ACT DEFENSE [DOC. NO. 587] AND REPLY TO GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE TO PRESENT RELIGIOUS FREEDOM RESTORATION ACT DEFENSE [DOC. NO. 637]; CERTIFICATE OF SERVICE<br><br>Hearing Date: 08/27/13<br>Time: 9:00 a.m. |

DEFENDANT ROGER AND SHERRYANNE CHRISTIE'S JOINT MEMORANDUM REGARDING SUBMISSION OF SUPPLEMENTAL EXHIBITS IN SUPPORT OF MOTION IN LIMINE TO PRESENT RELIGIOUS FREEDOM RESTORATION ACT DEFENSE [DOC. NO. 587] AND REPLY TO GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE TO PRESENT RELIGIOUS FREEDOM RESTORATION ACT DEFENSE [DOC. NO. 637]

Defendants Roger Cusick Christie and Sherryanne L. Christie, by and through undersigned counsel, hereby submit this joint memorandum regarding their submission of supplemental exhibits to their RFRA motion in limine (Doc. 587) and their reply (Doc. 637) to the government's memorandum in opposition thereto. Exhibits 7-10, filed concurrently herewith, were all published in August 2013, well after the Christies filed their RFRA motion in limine and their reply.

Counts One of the indictment and superseding indictment charge the Christies with conspiracy to manufacture, distribute, and possess with intent to distribute, 100 or more marijuana plants. Counts Two and Three of the indictment and superseding indictment charge the Christies with the manufacture and possession with intent to distribute 100 or more marijuana plants, to wit: 284 plants seized from Susanne Friend and Timothy Mann's farm on July 22, 2009. Since Counts One through Three each charge the quantity of "100 or more marijuana plants," each count triggers a five year mandatory minimum sentence for both Roger Christie and Sherryanne Christie.

On July 31, 2013, the Court orally ruled that the Christies have made their prima facie case under RFRA, and that the burden has shifted to the government to prove, as to each defendant, that this prosecution furthers a compelling governmental interest and is the least restrictive means of furthering that interest.

The interest the government has asserted is an interest in disallowing diversion of marijuana to non-adherents of The Hawaii Cannabis Ministry's beliefs and practices. At the evidentiary hearing to be held on August 27, 2013, the government will be required to prove that it has a compelling interest in prosecuting Roger Christie in order to prevent diversion of marijuana to non-adherents, and that it has a compelling interest in prosecuting Sherryanne Christie in order to prevent diversion to non-adherents. As to each defendant, the Court must consider the incremental harm to the government's interest that would result by granting such defendant a RFRA defense. *Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 546 U.S. 418, 430-31 (2006).

On August 12, 2013, well after the Christies filed their RFRA motion and reply, United States Attorney General Eric Holder made remarks to the ABA House of Delegates, where he called upon every member of the legal profession to "fight for the sweeping, systemic changes we need" "to reform a broken [criminal justice] system" (EX 7, p.6; *see also* Declaration of Lynn E. Panagakos, attached to Joint Submission of Additional Exhibits, p.2-5). Attorney General Holder

questioned the efficacy of the "war on drugs," which has entered its fifth decade (EX 7, p.2; Panagakos Dec., p.3), and he called mandatory minimum sentences "draconian" (EX 7, p.4).

In August 2013, the United States Department of Justice also published its "Smart on Crime" Report for "Reforming the Criminal Justice System for the 21st Century" (EX 8). This report emphasizes the need to shift away from over-reliance on incarceration, and identifies DOJ's interests as: (1) protecting Americans from: (a) national security threats; (b) violent crime; and (c) financial fraud; and (2) protecting the most vulnerable members of society (EX 8, p.2; *see also* Panagakos Dec., p.5-7).

The Christies respectfully request that the Court consider Attorney General Holder's remarks to the ABA House of Delegates, and DOJ's Smart on Crime Report, in evaluating whether the government has a compelling interest in prosecuting Roger Christie, and Sherryanne Christie, in order to prevent diversion of marijuana from The Hawaii Cannabis Ministry to non-adherents.

Attorney General Holder stated: "This is our chance –to bring America's criminal justice system in line with our most sacred values" (EX 7, p.6, Pamagakos Dec., p.5). In enacting RFRA, Congress found that: "the framers of the Constitution, recognizing free exercise of religion as an unalienable right, secured its protection in the Frist Amendment to the Constitution.' 42 U.S.C.

4

2000bb(a)(1). Congress further declared that an express purpose of RFRA is to "provide a . . . defense to persons whose religious exercise is substantially burdened by government." 42 U.S.C. 2000bb(b)(2). This Court has found that the Christies have satisfied their prima facie burden under RFRA.

The Christies are challenging the sufficiency of the government's evidence of diversion. However, if the Court finds that some diversion occurred, the Christies respectfully request that the Court consider Attorney General Holder's remarks to the ABA House of Delegates, and DOJ's Smart on Crime Report, in evaluating whether the government has a compelling interest in substantially burdening the Christies' sincere exercise of their religion in order to prevent such diversion. This is far afield of DOJ's current interests, ie — prosecuting national security threats, violent crimes, and financial fraud, and protecting the most vulnerable members of society — and it would undermine Attorney General Holder's call to bring America's criminal justice system in line with one of our most sacred values, i.e. — free exercise of religion, as reaffirmed by Congress' findings and declaration of purposes under RFRA, 42 U.S.C. 2000bb.

Attorney General Holder has called on all members of the legal profession "to question that which is accepted truth;" and "to break free of a tired status quo" (EX 7, p.1). In this spirit, the Christies submit EX 10, which is an article dated August 9, 2013 by Dr. Sanjay Gupta, associate chief of neurosurgery at Grady

Memorial Hospital, a member of the staff and faculty at Emory University School of Medicine, and CNN's multiple Emmy-award winning chief medical correspondent, (See EX 11, Dr. Gupta's bio). Over the last year, Dr. Gupta has travelled around the world and done extensive research, and he has concluded that marijuana "doesn't have a high potential for abuse, and there are very legitimate medical applications." Dr. Gupta has further concluded that the DEA's classification of marijuana as a schedule I substance is not based on sound scientific proof, and that "[w]e have been terribly and systematically misled for nearly 70 years." Dr. Gupta has apologized for his role in this (EX 10, p.1). Dr. Gupta's credible research, coupled with Attorney General Holder's decision to "take a series of actions to recalibrate America's federal criminal justice system" (EX 7, p.4), undermine the government's claim that it has a compelling interest in using the federal criminal justice system to prevent diversion of marijuana from The Hawaii Cannabis ministry to non-adherents.

The Christies further respectfully request that the Court consider Attorney General Holder's remarks to the ABA House of Delegates, and DOJ's Smart on Crime Report, in evaluating whether this prosecution is the least restrictive means to further the government's asserted diversion interest. Roger Christie, and Sherryanne Christie, are each charged with three offenses which carry what Attorney General Holder has described as "draconian mandatory minimum

sentences" (*see* EX 7, p.4). Far from being the "least restrictive means" necessary to further the government's asserted diversion interest, this constitutes the broadest means. In addition, nineteen months after the original indictment, and nineteen months after all activity which gave rise to the charges herein had ceased, the government charged Roger Christie with additional offenses, and Sherryanne Christie with an additional offense, based on the same alleged conduct covered under the conspiracy count (Counts 13-16). These charges constitute an unwarranted broadening of the government's means which was unnecessary to prevent diversion since the conduct in question had long since ceased and was already covered under the conspiracy charge.

Moreover, it is wholly unnecessary for the government to employ any means against Sherryanne Christie, because targeting Roger Christie alone would have been more than sufficient to address any diversion concerns. Sherryanne Christie joined the Ministry seven years after it began, and she did so under Roger Christie's leadership. She had no prior history whatsoever of manufacturing or distributing marijuana. *See Callahan v. Woods*, 736 F.2d 1269, 1272 (9th Cir. 1984) (where government would achieve no additional benefit to its interest by exempting religious claimant, application of burden to such claimant is not least restrictive means).

DOJ's Smart on Crime Report encourages the use of specialty courts and diversion programs to deal with unique populations. The Hawaii Cannabis Ministry is a unique population, and it is entitled to some measure of protection under RFRA. Reverend Roger Christie was a public figure who operated his Ministry in the open. He engaged in open communication with law enforcement. The government could easily have notified Reverend Christie of its concern that the THC Ministry's mode of operation posed a risk of diversion, and Reverend Christie would have willingly worked with the government to address its concerns. Particularly in light of Attorney General Holder's remarks to the ABA House of Delegates and DOJ's Smart on Crime Report, the Christies respectfully submit that the instant indictment, with charges which trigger draconian mandatory minimum sentences for both Roger Christie and Sherryanne Christie, who have each met their prima facie RFRA burden, is far from the least restrictive means necessary to

//

//

//

//

//

//

further the government's asserted interest in preventing diversion of marijuana to non-adherents.

DATED:  Honolulu, Hawaii, August 26, 2013.

Respectfully submitted,

/s/ Lynn E. Panagakos for
THOMAS M. OTAKE
Attorney for Defendant
ROGER CUSICK CHRISTIE


/s/ Lynn E. Panagakos
LYNN E. PANAGAKOS
Attorney for Defendant
SHERRYANNE L. CHRISTIE

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROGER CUSICK CHRISTIE (01),<br>SHERRYANNE L. CHRISTIE (02),<br><br>et al.,<br><br>Defendants. | CR. NO. 10-00384-LEK<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date indicated and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

MICHAEL K. KAWAHARA,　　　　　　　　　　Mike Kawahara@usdoj.gov
　Assistant U.S. Attorney
300 Ala Moana Boulevard, Room 6100
Honolulu, Hawaii 96850
　Attorney for Plaintiff
　UNITED STATES OF AMERICA

CYNTHIA KAGIWADA, ESQ.　　　　　　　　c_kagiwada@hotmail.com
1188 Bishop Street, Suite 3107
Honolulu, Hawaii 96813
　Attorney for Defendant
　JOHN DEBAPTIST BOUEY

- 2 -

WILLIAM M. DOMINGO, ESQ.　　　　　wmdomingo@yahoo.com
547 Halekauwila Street, Suite 102
Honolulu, Hawaii 96813
　Attorney for Defendant
　AARON GEORGE ZEEMAN

　　　DATED: August 26, 2013, Honolulu, Hawaii.

　　　　　　　　　　　　　　　　　　/s/ *Lynn E. Panagakos*
　　　　　　　　　　　　　　　　　　LYNN E. PANAGAKOS
　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　SHERRYANNE L. CHRISTIE