# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR NO. 10-00384LEK |
| CASE NAME: | USA vs. (01) ROGER CUSICK CHRISTIE |
| | USA vs. (02) SHERRYANNE L. CHRISTIE, fka Sherryanne L. St. Cyr |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 09/11/2013 | TIME: | |

COURT ACTION:  EO:  ORDER DENYING DEFENDANTS' MOTION IN LIMINE TO PRESENT RELIGIOUS FREEDOM RESTORATION ACT DEFENSE, FILED APRIL 1, 2013

     This Court hereby outlines its decision denying Defendants Roger Cusick Christie and Sherryanne L. St. Cyr's (now know as Sherryanne L. Christie) (collectively "Defendants") Motion in Limine to Present Religious Freedom Restoration Act Defense ("Motion").  [Dkt. no. 587.]

     Plaintiff the United States of America ("the Government") filed its memorandum in opposition to the Motion on May 20, 2013, and Defendants filed their reply on July 8, 2013.  [Dkt. nos. 603, 637.]  Defendants and the Government also filed declarations and exhibits in support of their respective positions.  On August 27, 2013, this Court held an evidentiary hearing in this matter.  Defendants and the Government filed supplemental briefing on September 4, 2013.  [Dkt. nos. 694, 695, 696.]  After consideration of the evidence presented, the arguments of counsel, and the memoranda, the Court DENIES the Motion.

     The Court concludes that the Government has demonstrated by a preponderance of the evidence that its criminal prosecution of Defendants pursuant to the Controlled Substances Act, 21 U.S.C. §§ 801-971 (which make it unlawful, *inter alia*, to manufacture, distribute, dispense, or possess controlled substances, including marijuana), "'is in furtherance of a compelling governmental interest;  and . . . is the least restrictive means of furthering that compelling governmental interest.'"  Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 424 (2006) (quoting 42 U.S.C.

§ 2000bb-1(b)).  More specifically, the Government has demonstrated that Defendants' practices and procedures in distributing marijuana through their ministry constituted a substantial risk of marijuana diversion to persons who were not members of Defendants' ministry, and for such persons to use the marijuana for purposes other than religious practice or belief.  See United States v. Lepp, No. CR 04-00317 MHP, 2008 WL 3843283, at *10-11 (N.D. Cal. Aug. 14, 2008), *aff'd*, 446 Fed. Appx. 44 (9th Cir. 2011). The Government has also demonstrated that "the least restrictive means to circumvent the diversion of mass quantities of marijuana to non-adherents of [Defendants' ministry] is a blanket rule criminalizing large quantities of marijuana."  See id. at *13.

The Court respectfully reminds the parties that this is merely an outline of its decision, and that a full order shall be filed.

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager