IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00384(01) LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROGER CUSICK CHRISTIE (01), | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FIRST PRELIMINARY RULING AS TO DEFENDANTS' MOTION IN LIMINE
TO PRESENT RELIGIOUS FREEDOM RESTORATION ACT DEFENSE**

On April 1, 2013, Defendants Roger Cusick Christie

("Christie") and Sherryanne L. Christie, formerly known as

Sherryanne L. St. Cyr ("St. Cyr", both collectively

"Defendants"), filed their joint Motion in Limine to Present

Religious Freedom Restoration Act Defense ("Motion in Limine").[1]

[Dkt. no. 587.]  Plaintiff the United States of America ("the

Government") filed its memorandum in opposition on May 20, 2013,[2]

and Defendants filed their joint reply on July 8, 2013.[3]  [Dkt.

_____

[1] Defendants filed an Errata to the Motion in Limine on
April 19, 2013.  [Dkt. no. 595.]

[2] The Government filed an Errata to its memorandum in
opposition on June 3, 2013.  [Dkt. no. 612.]  The Government also
submitted additional exhibits on June 3, 2013, [dkt. no. 613
(website excerpts); dkt. nos. 614-17 (transcripts of selected
recorded conversations),] and on July 8, 2013 [dkt. no. 640
(select photographs of "Sanctuary Kit")].

[3] Defendants filed the Supplemental Declaration of Roger
Christie on July 16, 2013.  [Dkt. no. 664.]

nos. 603, 637.]  This matter was scheduled for an evidentiary
hearing on July 29, 2013.  However, at the status conference held
with counsel on July 23, 2013, the parties agreed that there are
two preliminary issues that this Court must decide prior to any
decision regarding the Motion in Limine: first, whether the
Motion in Limine requires decision by the jury or this Court; and
second, whether the evidence presented regarding the Motion in
Limine must comply with the Federal Rules of Evidence.  The
parties agreed that the first preliminary issue has been fully
briefed by the parties, but the second preliminary issue had not
been fully briefed.  In addition, the parties agreed that
judicial economy required that this Court decide both preliminary
issues prior to any evidentiary hearing regarding the Motion in
Limine.

    This Court therefore vacated the evidentiary hearing
scheduled for July 29, 2013, and held oral argument regarding the
first preliminary issue on July 29, 2013.  Appearing at the
July 29, 2013 oral argument on behalf of Christie was Thomas M.
Otake, Esq., appearing on behalf of St. Cyr was Lynn E.
Panagakos, Esq., and appearing on behalf of the Government was
Assistant United States Attorney Michael K. Kawahara.  Christie
and St. Cyr were also present.  This Court thereafter took the
matter under advisement and stated that it would issue an outline
of its decision by July 31, 2013.

On July 31, 2013, this Court held a status conference to address, *inter alia*, the outline of its decision regarding the first preliminary issue.[4]  Appearing at the status conference on behalf of Christie was Mr. Otake, appearing on behalf of St. Cyr was Ms. Panagakos, appearing on behalf of Defendant Roland Gregory Ignacio ("Ignacio") by telephone was Louis Michael Chang, Esq., appearing on behalf of Defendant Aaron George Zeeman ("Zeeman") was William M. Domingo, Esq., and making a special appearance on behalf of Defendant John Debaptist Bouey, III ("Bouey") was Mr. Otake.[5]  Pursuant to counsels' requests, this Court waived the presence of each defendant at the status conference.  Mr. Kawahara appeared on behalf of the Government. The instant order is this Court's decision as to the first preliminary issue, and the order supercedes the outline stated on July 31, 2013.

After careful consideration of the Motion in Limine, supporting and opposing memoranda, declarations, and exhibits,

---

[4] The parties' agreements and arguments regarding the presentation of evidence at the evidentiary hearing, which was scheduled for August 27, 2013, obviated the need for this Court to rule on the second preliminary issue.  This Court informed counsel that, if any evidentiary objection arose during the evidentiary hearing, this Court would address the objection at that time and could strike and disregard any evidence which was not properly before this Court in deciding the Motion in Limine.

[5] Ignacio entered a guilty plea on September 4, 2013, and Bouey entered a guilty plea on September 12, 2013.  [Dkt. no. 693 (minutes of Ignacio's change of plea hearing); dkt. no. 722 (minutes of Bouey's change of plea hearing).]

and the arguments of counsel, as more fully set forth below, this
Court finds that: (1) the Motion in Limine does not entail
general issues for trial determination and therefore is
appropriate for this Court, not the jury, to decide; (2)
Defendants have submitted declarations and other evidence
sufficient to establish a prima facie case for a defense pursuant
to the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C.
§ 2000bb, *et seq.*, and an evidentiary hearing is not necessary as
to Defendants' prima facie case; and (3) that the burden of proof
as to the RFRA issue has shifted to the Government, and this
Court will hold an evidentiary hearing regarding the Government's
proof.

<u>**BACKGROUND**</u>

On June 24, 2010, a grand jury sitting in the District
of Hawai`i returned a fifteen-count Indictment against the
defendants.  The Indictment charged Christie and St. Cyr with:

- Count I:  knowingly and intentionally conspiring to
  manufacture, to distribute, and to possess with the intent
  to distribute marijuana, a Schedule I controlled substance,
  involving 100 or more marijuana plants, as well as harvested
  and processed marijuana and other products containing
  marijuana, in violation of 21 U.S.C. §§ 841(a)(1),
  841(b)(1)(B), and 846;

4

- Count II:  knowingly and intentionally manufacturing marijuana, a Schedule I controlled substance, involving 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2; and

- Count III:  knowingly and intentionally possessing with the intent to distribute marijuana, a Schedule I controlled substance, involving 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.

[Dkt no. 1 at 2-5.[6]]

Christie is the founder and leader of The Hawaiian Cannabis Ministry ("THC Ministry" or "the Ministry").  [Motion in Limine, Decl. of Roger Christie ("Christie Decl.") at ¶ 10.] St. Cyr is an ordained minister in the THC Ministry, and she managed the Ministry when Christie was recovering from a broken ankle.  [Motion in Limine, Decl. of Sherryanne L. Christie ("St. Cyr Decl.") at ¶¶ 16-17.]  Christie states: "I consume, possess, cultivate and distribute Cannabis as sanctioned and required by my legitimate religion and sincere religious beliefs as a member of the THC Ministry.  The consumption, possession,

---

[6]  On January 17, 2013, a grand jury returned the First Superseding Indictment.  [Dkt. no. 509.]  The First Superseding Indictment alleges the same three counts against Christie and St. Cyr as the original Indictment.  [Id. at 2-5.]  It also alleges Count XIII through Count XVIII against Christie and Count XIII against St. Cyr.  [Id. at 10-12.]

cultivation and distribution of Cannabis are essential and
necessary components of the THC Ministry." [Christie Decl. at
¶ 44.]  Defendants assert a RFRA defense and filed the instant
Motion in Limine.  The preliminary issue, as framed by the
parties, which this Court must resolve before it can decide the
Motion in Limine, is whether ruling on the Motion in Limine
requires a determination by the jury or this Court.

### DISCUSSION

          Under Rule 12(b)(2) of the Federal Rules of Criminal
Procedure, "[a] party may raise by pretrial motion any defense,
objection, or request that the court can determine without a
trial of the general issue." Fed. R. Crim. P. 12(b)(2).  As long
as the pretrial motion implicates "fact[s] peculiar to the
motion[,]" and not facts surrounding the question of guilt or
innocence, it cannot be said to implicate the general issue.
United States v. Covington, 395 U.S. 57, 60 (1969).  "A pretrial
motion is generally 'capable of determination' before trial if it
involves questions of law rather than fact." United States v.
Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986)
(citations omitted).  Issues raised in a pretrial motion that are
"'entirely segregable'" from the evidence that will be presented
at trial must be decided before trial.  Id. (quoting United
States v. Barletta, 644 F.2d 50, 57–58 (1st Cir. 1981)).  Where,
however, issues are "'substantially founded upon and intertwined

6

with' evidence concerning the alleged offense," they are "within the province of the ultimate finder of fact and must be deferred." <u>Id.</u> (some citations omitted) (quoting <u>United States v. Williams</u>, 644 F.2d 950, 952-53 (2d Cir. 1981)).  The trial court has discretion to defer a decision where the "issue[s] raised . . . [are] not entirely segregable from the evidence to be presented at trial, but also do[] not require review of a substantial portion of that evidence . . . ."  <u>Id.</u> (citations omitted).

Defendants claim RFRA as a complete defense to the charges against them.  In the instant Motion in Limine, they seek a ruling that they may present this defense at trial.  However, Defendants also argue that, because the issue raised in this motion is inextricably intertwined with the evidence to be presented at trial, the decision on the merits of this defense must be deferred until trial when the "ultimate trier of fact" can decide it.  The Government, on the other hand, submits that the instant motion does not differ from other pretrial motions, such as suppression motions, and should be decided before trial.

This district court has described RFRA's framework as follows:

> In 1990, the Supreme Court held that the Free Exercise Clause of the First Amendment does not prohibit the Government from burdening religious practices through generally applicable laws.  <u>See Employment Div., Dept. of Human Res. of Or. v. Smith</u>, 494 U.S. 872 (1990).  Congress responded by

enacting the Religious Freedom Restoration Act of
1993 ("RFRA"), which "prohibits the Federal
Government from substantially burdening a person's
exercise of religion, unless the Government
'demonstrates that application of the burden to
the person' represents the least restrictive means
of advancing a compelling interest."  Gonzales v.
O Centro Espirita Beneficente Uniao do Vegetal,
546 U.S. 418, 423-24 (2006) (quoting 42 U.S.C.
§ 2000bb1(b)).  Under RFRA unless the Government
satisfies a "compelling interest test," "the
Federal Government may not, as a statutory matter,
substantially burden a person's exercise of
religion, 'even if the burden results from a rule
of general applicability.'"  Id. (quoting 42
U.S.C. § 2000bb-1(a)).  That is, the Government
must "'demonstrat[e] that application of the
burden to the person—(1) is in furtherance of a
compelling governmental interest; and (2) is the
least restrictive means of furthering that
compelling governmental interest.'"  Id. (quoting
42 U.S.C. § 2000bb-1(b)).

        The Ninth Circuit has held that, "[t]o
establish a prima facie RFRA claim, a plaintiff
must present evidence sufficient to allow a trier
of fact rationally to find" that the activities
the plaintiff claims are burdened by Government
action are an "exercise of religion" and that the
Government action "substantially burdens" the
plaintiff's exercise of religion.  Navajo Nation
v. United States Forest Serv., 535 F.3d 1058, 1068
(9th Cir. 2008) (en banc). . . .

Oklevueha Native Am. Church of Haw., Inc. v. Holder, Civil No.

09-00336 SOM/BMK, 2012 WL 6738532, at *3 (D. Hawai`i Dec. 31,

2012).[7]  Specifically, Defendants' prima facie case under RFRA

---

[7] Oklevueha is a civil action seeking, *inter alia*,
injunctive relief under RFRA.  2012 WL 6738532, at *1.  A person
can assert RFRA as either a claim or a defense.  42 U.S.C.
§ 2000bb-1(c) ("A person whose religious exercise has been
burdened in violation of this section may assert that violation
as a claim or defense in a judicial proceeding and obtain
appropriate relief against a government. . . .").

8

requires: 1) an articulation of the scope of their beliefs; 2) a showing that their beliefs are religious; 3) a showing that their beliefs are sincerely held; and 4) a showing that the Government's practice substantially burdens the exercise of their sincerely held religious beliefs.  See United States v. Zimmerman, 514 F.3d 851, 853 (9th Cir. 2007).  If Defendants carry their burden to make a prima facie case under RFRA, the burden of persuasion will shift to the Government, which must prove that it has a compelling interest in applying the statute in question to Defendants and that its restriction on Defendants' exercise of their religion is the least restrictive means to further that interest.  If the Government fails to prove either the compelling interest requirement or the least restrictive means requirement, this Court must find that the prosecution of Defendants in this case violates RFRA.  See Navajo Nation, 535 F.3d at 1068.

        Neither the elements of Defendants' prima facie case under RFRA nor the Government's showing of a compelling interest and least restrictive means will require the presentation of facts surrounding Defendants' guilt or innocence.  Based on the parties' submissions and argument presented through July 29, 2013, the parties do not appear to dispute either the factual basis for Defendants' position or the factual basis for the Government's position.  The parties' dispute centers around legal

issues involving the application of RFRA, and case law applying RFRA, to the facts in this case.  This Court therefore concludes that the issues raised in the instant Motion in Limine are entirely segregable from the evidence that will be presented at trial.  Thus, this Court, and not the jury, must rule upon the issues raised in the Motion in Limine.

The Christie Declaration describes the beliefs of the THC Ministry and the Ministry's use of Cannabis as a sacrament. [Christie Decl. at ¶¶ 10-13.]  The Ministry's beliefs include that, "in using Cannabis, one can achieve communion with the Divine." [Id. at ¶ 25.]  Christie states that THC Ministry members use Cannabis for "prayer, meditation, worship, nutrition, healing, and fellowship[,]" as well as in "formal rituals, including baptisms, weddings and funerals." [Id. at ¶ 13.] Cannabis is also an ingredient in the "ancient recipe" that the THC Ministry uses to make "Holy Anointing Oil[,]" which "makes things Holy" and "is a key component of the THC Ministry." [Id. at ¶ 16.]  St. Cyr states that she "share[s] in all of the THC Ministry's beliefs." [St. Cyr Decl. at ¶ 16.]

Plaintiffs also presented a declaration by Laurie Cozad, who has a Ph.D. in History of Religions and has been a professor of religion and philosophy since 1998. [Motion in Limine, Decl. of Laurie Cozad, Ph.D. ("Cozad Decl.") at ¶¶ 1-3.]  Based on her study of the THC Ministry, Dr. Cozad opines

that the Ministry's and Defendants' "beliefs and practices concerning Cannabis are religious[.]" [Id. at ¶¶ 4-5.] The THC Ministry shares fundamental characteristics with "contemporary New Religious Movements[,]" and the Ministry draws upon Christie's prior experience with the Religious Science Church, "one of the earliest Cannabis churches in the United States." [Id. at ¶¶ 6-8.] Dr. Cozad states that "Cannabis has been used historically and cross-culturally as a religiously powerful substance capable of effecting a change from the mundane to the sacred." [Id. at ¶ 10.]

The Government questions whether the beliefs espoused by the THC Ministry constitute a religion. Likewise, the Government challenges whether Defendants' beliefs in the THC Ministry are sincerely held. While the Government raises strong arguments questioning both the belief system of the THC Ministry and Defendants' sincerity, it provides no contradictory factual evidence (such as expert opinion or percipient witness testimony) challenging these beliefs and Defendants' sincerity.

While some courts have addressed the metaphysical question of what constitutes a religion, and have parsed out what distinguishes a set of beliefs from a religion, see, e.g., United States v. Meyers, 95 F.3d 1475, 1484 (10th Cir. 1996) (finding that the defendant's beliefs were sincerely held but were not "religious beliefs" but a personal philosophy), others have

11

declined to do so on the basis that "'[t]he ability to define religion is the power to deny freedom of religion.'" United States v. Lepp, No. CR 04-00317 MHP, 2008 WL 3843283, at *4 (N.D. Cal. Aug. 14, 2008) (alteration in Lepp) (quoting Meyers, 95 F.3d at 1489 (Brorby, J., dissenting)). This Court similarly declines to determine whether the THC Ministry constitutes a religion and, for purposes of the Motion in Limine only, expressly assumes, without finding, that the THC Ministry is a religion.

Likewise, the Court recognizes Ninth Circuit directives that "[t]he district court should hear directly from [Defendants], as [their] credibility and demeanor will bear heavily on whether [their] beliefs are sincerely held." See Zimmerman, 514 F.3d at 854. However, in light of Defendants' uncontested declarations, the Court declines to hold an evidentiary hearing on the issue of Defendants' sincerity and, for purposes of the Motion in Limine only, it expressly assumes, without finding, that Defendants' beliefs in the practices and values of the THC Ministry are sincere.

Based on the uncontested declarations by Defendants and Dr. Cozad, this Court finds, for purposes of the Motion in Limine only, that Defendants have: 1) sufficiently articulated the scope of their beliefs regarding the use Cannabis; 2) shown that their beliefs are religious; and 3) shown that they sincerely hold these beliefs. This Court therefore turns to the fourth element

12

of the prima facie case under RFRA, whether Defendants' exercise of their sincerely held religious beliefs is burdened.

The Ninth Circuit has stated that "[a] statute burdens the free exercise of religion if it 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs, including when, if enforced, it 'results in the choice to the individual of either abandoning his religious principle or facing criminal prosecution.'" Guam v. Guerrero, 290 F.3d 1210, 1222 (9th Cir. 2002) (some alterations in Guerrero) (quoting Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718, 101 S. Ct. 1425, 67 L. Ed. 2d 624 (1981); Braunfeld v. Brown, 366 U.S. 599, 605, 81 S. Ct. 1144, 6 L. Ed. 2d 563 (1961)).

Christie states that, "[t]hrough the THC Ministry [he] provided ministry services (counseling, fellowship, confession, prayer, meditation, redemption, weddings funerals, baptisms) and Cannabis sacraments to THC Ministry members and legal medical marijuana patients." [Christie Decl. at ¶ 39.] He also led regular Sunday services, which included the distribution of the Holy Anointing Oil and inhaling heated Cannabis flowers. [Id. at ¶ 42.] Christie made the Holy Anointing Oil and "Cannabis tinctures (liquid drops of alcohol or non-alcoholic solution mixed with Cannabis)" that the Ministry used. [Id. at ¶ 31.] "The THC Ministry calls on its ordained ministers for making and providing Cannabis scramental [sic] for those in need. This is a

13

very important part of the THC Ministry's mission." [Id. at ¶ 36.]  The THC Ministry's "Sanctuary" was located in the Moses Building in Hilo, Hawai`i.  [Id. at ¶¶ 29-30.]  Christie describes it as a "sacred space" "where members could feel safe to use Cannabis spiritually." [Id. at ¶¶ 30, 33.]  According to Christie, "[p]recluding members from using the Sanctuary in the Moses Building in essence would equate to precluding our members from practicing their religion."  [Id. at ¶ 33.]

As previously noted, Christie states that his consumption, possession, cultivation, and distribution of Cannabis are essential to his exercise of his legitimate and sincerely held religious beliefs.  [Id. at ¶ 44.]  He also states that "[t]he threat of civil and/or criminal liability for [his] consumption, possession, cultivation and distribution of Cannabis as required by [his] legitimate religion and sincere religious beliefs substantially burdens [his] ability to practice [his] religion."  [Id. at ¶ 45.]

St. Cyr is an ordained minister in the THC Ministry. [St. Cyr Decl. at ¶ 16.]  She learned to make the Holy Anointing Oil, counseled people, "took donations and shared Cannabis Sacrament with Ministry members and medical marijuana patients[,]" and "distributed 'Aloha Bags' to Ministry members in

14

need."[8]   [Id. at ¶¶ 14, 17-18.]   St. Cyr also states that: "The
consumption, possession, cultivation and distribution of Cannabis
are essential and necessary components of the THC Ministry.   The
threat of civil and/or criminal liability for [her] membership in
the THC Ministry and [her] sincere participation in its required
practices substantially burdens [her] exercise of religion."
[Id. at ¶ 21.]   Dr. Cozad states that the beliefs and practices
of the THC Ministry mandate the cultivation of Cannabis and the
distribution of Cannabis to Ministry members and to medical
marijuana patients.   [Cozad Decl. at ¶ 16.]

          Based on the uncontested declarations by Defendants and
Dr. Cozad, this Court finds that Defendants have established that
the enforcement of the Controlled Substances Act, 21 U.S.C.
§ 801, *et seq.* ("CSA"), substantially burdens the exercise of
their sincerely held religious beliefs.   An evidentiary hearing
on Defendants' prima facie case under RFRA is therefore
unnecessary.   This Court FINDS that Defendants have established a
prima facie case under RFRA, and that the burden has shifted to
the Government to establish that it has a compelling interest in
enforcing the CSA against Defendants and that the instant
prosecution is the least restrictive means of furthering that

---

          [8] "'Aloha Bags' consist of small amounts of loose Cannabis
sprinkled with calamus in airy bags."   [St. Cyr Decl. at ¶ 18.]

interest.  This Court will therefore hold an evidentiary hearing regarding the Government's showing.

## CONCLUSION

On the basis of the foregoing, this Court finds that:

(1)  Defendants' Motion in Limine to Present Religious Freedom Restoration Act Defense, filed April 1, 2013, does not entail general issues for trial determination and therefore is appropriate for this Court, not the jury, to decide;

(2)  Defendants have submitted declarations and other evidence which are sufficient to establish a prima facie case under RFRA, and therefore an evidentiary hearing is not necessary as to Defendants' prima facie case; and

(3)  the burden of proof has shifted to the Government, and this Court will hold an evidentiary hearing regarding the Government's proof.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 27, 2013.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA V. ROGER CUSICK CHRISTIE (01), ET AL; CR. NO. 10-00384(01) LEK; FIRST PRELIMINARY RULING AS TO DEFENDANTS' MOTION IN LIMINE TO PRESENT RELIGIOUS FREEDOM RESTORATION ACT DEFENSE

16