IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00384(01) LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROGER CUSICK CHRISTIE (01), | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF THE UNITED STATES OF AMERICA'S
MOTION IN LIMINE TO PROHIBIT DEFENDANT ROGER CUSICK CHRISTIE
FROM PRESENTING DEFENSE OF ENTRAPMENT BY ESTOPPEL**

Before the Court is Plaintiff the United States of

America's ("the Government") Motion in Limine to Prohibit

Defendant Roger Cusick Christie from Presenting Defense of

Entrapment by Estoppel ("Motion in Limine"), filed on August 6,

2013. [Dkt. no. 663.] Defendant Roger Cusick Christie

("Christie") and Defendant Sherryanne L. Christie (formerly known

as Sherryanne L. St. Cyr) ("St. Cyr") (collectively "Defendants")

filed their joint memorandum in opposition on September 10, 2013.

[Dkt. no. 718.] Christie also filed a Sealed in Camera

Submission, consisting of a Declaration of Roger Christie

("Sealed Declaration") on September 10, 2013. [Dkt. no. 717.]

The Government filed its reply on September 19, 2013. [Dkt. no.

731.] This matter came on for hearing on September 19, 2013.

Appearing on behalf of the Government was Assistant United States

Attorney Michael Kawahara, appearing on behalf of Christie was

Thomas Otake, Esq., and appearing on behalf of St. Cyr was Lynn Panagakos, Esq.  Christie and St. Cyr were also present.  On September 20, 2013, this Court issued an order outlining its decision denying the Motion in Limine.  [Dkt. no. 735.]  The instant order is this Court's decision on the Motion in Limine, and this order supercedes the September 20, 2013 outline.

After careful consideration of the Motion in Limine, supporting and opposing memoranda, and the arguments of counsel, the Government's Motion in Limine is HEREBY DENIED for the reasons set forth below.

<u>**BACKGROUND**</u>

On June 24, 2010, a grand jury sitting in the District of Hawai`i returned a fifteen-count Indictment against the defendants.  The current charges against Christie and St. Cyr are:

- Count I:  knowingly and intentionally conspiring to manufacture, to distribute, and to possess with the intent to distribute marijuana, a Schedule I controlled substance, involving 100 or more marijuana plants, as well as harvested and processed marijuana and other products containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846;

- Count II:  knowingly and intentionally manufacturing marijuana, a Schedule I controlled substance, involving 100

2

or more marijuana plants, in violation of 21 U.S.C.
§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2;

• Count III:  knowingly and intentionally possessing
with the intent to distribute marijuana, a Schedule I
controlled substance, involving 100 or more marijuana
plants, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B),
and 18 U.S.C. § 2; and

• Count XIII:  knowingly and intentionally maintaining
a place, which was located in Hilo, for the purpose of
manufacturing and distributing marijuana, a Schedule I
controlled substance, in violation of 21 U.S.C. § 856(a)(1)
and (b).

[First Superseding Indictment, filed 1/17/13 (dkt. no. 509), at
2-5, 10.]  In addition, Christie is charged with: distributing
some quantity of marijuana on May 21, 2008 (Count XIV), on
June 24, 2008 (Count XV), and on August 13, 2008 (Count XVI); and
failing to file a federal income tax return for the tax year 2008
(Count XVII) and for the tax year 2009 (Count XVIII).  [Id. at
10-12.]

Christie is the founder and leader of The Hawaiian
Cannabis Ministry ("THC Ministry" or "the Ministry").  [Motion in
Limine to Present Religious Freedom Restoration Act Defense,
filed 4/1/13 (dkt. no. 587) ("RFRA Motion in Limine"), Decl. of
Roger Christie at ¶ 10.]  Christie states: "I consume, possess,

3

cultivate and distribute Cannabis as sanctioned and required by my legitimate religion and sincere religious beliefs as a member of the THC Ministry.  The consumption, possession, cultivation and distribution of Cannabis are essential and necessary components of the THC Ministry." [Id. at ¶ 44.]  St. Cyr is an ordained minister in the THC Ministry, and she managed the Ministry when Christie was recovering from a broken ankle.  [RFRA Motion in Limine, Decl. of Sherryanne L. Christie at ¶¶ 16-17.] Testimony presented in connection with the RFRA Motion in Limine indicated that Christie's and St. Cyr's relationship at the Ministry was "close to like a manager and assistant manager[.]" [Trans. of 8/27/13 Hrg. on RFRA Motion in Limine, filed 8/28/13 (dkt. no. 687), at 38.]  The charges against Defendants arise from their distribution of marijuana in connection with the THC Ministry.

On July 29, 2013, Christie filed a Fed. R. Crim. P. 12.3 Notice of Intent to Rely on Defense of Entrapment by Estoppel at Trial ("Notice").  [Dkt. no. 658 (sealed).]  The defense is based upon statements made to Christie between 2001 and 2005 by then-United States Attorney for the District of Hawai`i Edward Kubo and statements made to Christie in 2004 by Drug Enforcement Administration ("DEA") Special Agent Jesse Forney (collectively "the Federal Officials").  Christie also appears to base this defense upon statements made to him by

various state and county officials as "agents". [Mem. in Opp. at 4, 7.] On September 10, 2013, St. Cyr filed a joinder in Christie's Notice. She bases her entrapment by estoppel defense on the Federal Officials' and various state and county officials' statements, as Christie relayed them to her. [Dkt. no. 713.] Also on September 10, 2013, the Government filed a response to Christie's Notice. [Dkt. no. 715.]

In his declaration in support of the RFRA Motion, Christie stated:

> I have had open, honest, and on-going communication with members of Hawaii Island's and the federal government's law enforcement agencies related to the activities and philosophies of the THC Ministry through the years of its existence. I communicated openly with members of Hawaii County Police Department's vice squad, and community police officer William Derr. I also had a conversation about the THC Ministry with DEA Special Agent Jesse Forney, and former DEA Administrator Asa Hutchinson. I also discussed the activities of the THC Ministry with then U.S. Attorney Edward Kubo on two separate occasions. One of the occasions when I met with Mr. Kubo, I set up a table with all my material fully explaining the THC Ministry, its beliefs and practices, including the religious use of Cannabis. I also had conversations about the THC Ministry with former Mayor of Hawaii County Harry Kim, current Mayor Billy Kenoi, Corporation Counsel Lincoln Ishida, and the late Senator Daniel Inouye. I was in contact with Prosecuting Attorney Mitch Roth, and Hawaii County Police Chief Harry Kubojiri. In the almost ten years of the THC Ministry's very public existence, I was never informed by any of the above individuals or any law enforcement agency that they were concerned with the practices and beliefs of the THC Ministry until the raid by the DEA in March, 2010.

[Christie RFRA Decl. at ¶ 51.]   Defendants argue that the Sealed

Declaration makes a prima facie showing that Christie "was misled

by authorized Federal officials and their agents into believing

that he and members of his Ministry would not be prosecuted

because their cannabis distribution activities were legal and

permissible under RFRA, and that he conveyed this information to

Sherryanne Christie."   [Mem. in Opp. at 7.]

**DISCUSSION**

**I.   Exclusion of Defenses**

This Court may exclude a defense if Defendants fail to

make a prima facie showing of eligibility for the defense.   See

United States v. Schafer, 625 F.3d 629, 637 (9th Cir. 2010)

(citing United States v. Moreno, 102 F.3d 994, 997-98 (9th Cir.

1996)).

On the issue of whether a tender of evidence in support

of a defense theory is "sufficient to allow the presentation of

the evidence and theory to the jury[,]" the Ninth Circuit has

stated:

> The legal standard is generous: "a defendant
> is entitled to an instruction concerning his
> theory of the case if the theory is legally
> sound and evidence in the case makes it
> applicable, even if the evidence is weak,
> insufficient, inconsistent, or of doubtful
> credibility."   United States v. Washington,
> 819 F.2d 221, 225 (9th Cir. 1987).   A
> defendant needs to show only that "there is
> evidence upon which the jury could rationally
> sustain the defense."   United States v.
> Jackson, 726 F.2d 1466, 1468 (9th Cir. 1984)

(per curiam).

> On the other hand, a trial court may preclude a defense theory where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." United States v. Dorrell, 758 F.2d 427, 430 (9th Cir. 1985). Counsel must also "articulate every ground on which the evidence is admissible, since a ground not identified at trial will not provide a basis for reversal on appeal." Jack B. Weinstein and Margaret Berger, Weinstein's Federal Evidence, § 130.20[5], p. 103–39 (Joseph M. McLaughlin, ed., Matthew Bender 2d. ed. 2008); see also Hudspeth v. Comm'r, 914 F.2d 1207, 1215 (9th Cir. 1990) (holding that failure to identify ground of admissibility limited appellate review to plain error).

United States v. Boulware, 558 F.3d 971, 974 (9th Cir. 2009)

(quoting United States v. Kayser, 488 F.3d 1070, 1076 (9th Cir.

2007)). "A defendant 'has the right to have a jury resolve

disputed factual issues. However, where the evidence, even if

believed, does not establish all of the elements of a

defense, . . . the trial judge need not submit the defense to the

jury.'" United States v. Perdomo-Espana, 522 F.3d 983, 987 (9th

Cir. 2008) (some citations omitted) (quoting United States v.

Arellano-Rivera, 244 F.3d 1119, 1125 (9th Cir. 2001) (internal

quotation marks and alteration omitted)).

> Put another way,

> The district court need not submit a defense to the jury where the proffered evidence, construed most favorably to the defendant, would fail to establish all elements of that defense. See United States v. Dorrell, 758 F.2d 427, 430 (9th Cir. 1985). "The sole question presented in such situations is whether the evidence, as

7

> described in the defendant's offer of proof, is
> insufficient as a matter of law to support the
> proffered defense.  If it is, then the trial court
> should exclude the defense and the evidence
> offered in support." <u>Id.</u>

<u>United States v. Cervantes-Flores</u>, 421 F.3d 825, 828-29 (9th Cir.

2005), *overruled in part on other grounds*, <u>Melendez-Diaz v.</u>

<u>Massachusetts</u>, 557 U.S. 305 (2009).

## II.   <u>Principles of Entrapment by Estoppel</u>

Entrapment by estoppel is also known as "official

misleading." <u>United States v. Batterjee</u>, 361 F.3d 1210, 1216 n.6

(9th Cir. 2004) (citing cases).  "A defendant has the burden of

proving entrapment by estoppel." <u>Id.</u> at 1216 (some citations

omitted) (citing <u>United States v. Ramirez-Valencia</u>, 202 F.3d

1106, 1109 (9th Cir. 2000) (per curiam)).

> Entrapment by estoppel is the "unintentional
> entrapment by an official who mistakenly misleads
> a person into a violation of the law," and it is a
> theory derived from the due process clause.
> <u>United States v. Batterjee</u>, 361 F.3d 1210, 1216
> (9th Cir. 2004) (internal quotation and citation
> omitted).  To establish this defense, a defendant
> "must show that (1) an authorized government
> official, empowered to render the claimed
> erroneous advice, (2) who has been made aware of
> all the relevant historical facts,
> (3) affirmatively told [the defendant] the
> proscribed conduct was permissible, (4) that [the
> defendant] relied on the false information, and
> (5) that [the] reliance was reasonable." <u>Id.</u>
> (internal quotations and citations omitted).

> An entrapment by estoppel defense is
> "available only when [the] defendant can
> demonstrate a reasonable belief that his conduct
> was sanctioned by the government." <u>United States</u>
> <u>v. Burrows</u>, 36 F.3d 875, 882 (9th Cir.

8

1994). . . .

Schafer, 625 F.3d at 637 (alterations in Schafer).

"'The defense of entrapment by estoppel is inapplicable if the defendant is not misled.'"   Id. at 638 (quoting United States v. Tallmadge, 829 F.2d 767, 775 n.1 (9th Cir. 1987)).  As to the requirement of an affirmative representation:

> It is not sufficient that the government official's comments were vague or even contradictory; rather, the defendant must show "that the government affirmatively told him the proscribed conduct was permissible, and that he reasonably relied on the government's statement." United States v. Ramirez-Valencia, 202 F.3d 1106, 1109 (9th Cir. 2000).  To invoke entrapment by estoppel, a defendant must demonstrate "affirmative misleading" on the part of a government official.  [United States v.] Brebner, 951 F.2d [1017,] 1026 [(9th Cir. 1991)].

United States v. Hancock, 231 F.3d 557, 567 (9th Cir. 2000).

With regard to the reasonableness of the defendant's reliance, "'[a] defendant's reliance is reasonable if a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries.'"   Batterjee, 361 F.3d at 1216-17 (alteration in Batterjee) (some citations and internal quotation marks omitted) (quoting Ramirez-Valencia, 202 F.3d at 1109).

As to Christie, the Court finds that Federal Rule of Criminal Procedure 12(b) precludes the Court from adjudicating the merits of his entrapment by estoppel defense.  Under Rule 12(b)(2), "[a] party may raise by pretrial motion any defense,

9

objection, or request that the court can determine without a
trial of the general issue." Fed. R. Crim. P. 12(b)(2).  Issues
"'substantially founded upon and intertwined with' evidence
concerning the alleged offense," are "within the province of the
ultimate finder of fact and must be deferred." United States v.
Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986)
(some citations omitted) (quoting United States v. Williams, 644
F.2d 950, 952-53 (2d Cir. 1981)).  The Court finds that factual
issues exist as to whether and what representations were made to
Christie, and that these issues may pose credibility questions
for the jury to resolve.  The Court further finds that Christie's
tender of evidence as to the statements that the Federal
Officials allegedly made to him is sufficient to allow him to
present the evidence and the theory of entrapment by estoppel to
the jury.

        The Court, however, finds that Christie's present
tender of evidence as to statements allegedly made to Christie by
state and county officials is not sufficient to allow him to
present the evidence to the jury.  The Court therefore rules that
Christie must first, outside the presence of the jury, make a
showing of relevance to his *prima facie* case for his defense of
entrapment by estoppel before this Court will permit the
testimony to be presented to the jury.  See Fed. R. Evid. 401,
403.

With regard to St. Cyr, the Court finds that she raises a defense of entrapment by estoppel, and bases this defense on the Federal Officials' and various state and county officials' statements, which Christie relayed to her.  St. Cyr bears the burden of proving entrapment by estoppel.  See Batterjee, 361 F.3d at 1216.  As to the affirmative representation element of the defense, Defendants admit neither the Federal Officials nor state and county officials made representations directly to St. Cyr; her defense is based on the alleged erroneous advice as Christie relayed it to her.  In spite of the lack of direct representations to St. Cyr, the Court finds that, as a matter of law, St. Cyr has made a *prima facie* showing to raise this defense because the scope of the representation made by one of the Federal Officials allegedly referenced both Christie's and the Ministry's use of marijuana.  See United States v. Levin, 973 F.2d 463 (6th Cir. 1992).  As to the state and county officials, however, St. Cyr may not present evidence of the statements that they allegedly made to Christie unless Christie first establishes, outside of the presence of the jury, the relevance of the alleged statements to his *prima facie* case for his defense of entrapment by estoppel.

## CONCLUSION

On the basis of the foregoing, the Government's Motion in Limine to Prohibit Defendant Roger Cusick Christie from

Presenting Defense of Entrapment by Estoppel, filed August 6, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 30, 2013.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA VS. ROGER CUSICK CHRISTIE; CR. NO. 10-00384(01) LEK; ORDER DENYING PLAINTIFF THE UNITED STATES OF AMERICA'S MOTION IN LIMINE TO PROHIBIT DEFENDANT ROGER CUSICK CHRISTIE FROM PRESENTING DEFENSE OF ENTRAPMENT BY ESTOPPEL