IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00384(01) LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROGER CUSICK CRISTIE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING A CERTIFICATE OF APPEALABILITY**

Before the Court is pro se Defendant/Petitioner Roger Cusick Christie's ("R. Christie" or "Defendant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), filed on May 2, 2017. [Dkt. nos. 1105 (§ 2255 Motion), 1111 (mem. in supp.).] Plaintiff/Respondent the United States of America ("the Government") filed its response to the § 2255 Motion ("Response") on October 13, 2017, and R. Christie filed his reply on November 7, 2017. [Dkt. nos. 1162 (Response), 1173 (reply), 1174 (aff. in supp. of reply).] R. Christie's § 2255 Motion is hereby denied, and a certificate of appealability is also denied, for the reasons set forth below.

**BACKGROUND**

The grand jury returned an Indictment against R. Christie and thirteen others on June 24, 2010. [Dkt. no. 1.] The grand jury returned the First Superseding Indictment ("Superseding Indictment") on January 17, 2013. [Dkt. no. 509.] The Superseding Indictment alleged that R. Christie, with the assistance of Defendant Sherryanne L. St. Cyr – who is now known as Sherryanne L. Christie ("S. Christie"), operated the THC Ministry – also known as the Hawaii Cannabis Ministry – in Hilo, Hawai`i, and the operation illegally manufactured, distributed, and sold marijuana. The Superseding Indictment charged R. Christie with: one count of conspiracy to manufacture, distribute, and possess with intent to distribute one hundred or more marijuana plants, as well as harvested and processed marijuana and products containing marijuana, in violation of 21 U.S.C. § 841(a)(1) ("Count 1"); manufacturing approximately 284 marijuana plants, in violation of § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 ("Count 2"); possessing with intent to distribute approximately 284 marijuana plants, in violation of § 841(a)(1) and (b)(1)(B) and § 2 ("Count 3"); maintaining a place for the purpose of manufacturing and distributing marijuana, manufacturing approximately 284 marijuana plants, in violation of 21 U.S.C. § 856(a)(1) and (b) ("Count 13"); distributing quantities of marijuana on or about May 21, 2008, June 24, 2008,

2

and August 13, 2008, in violation of § 841(a)(1) and (b)(1)(D) ("Count 14," "Count 15," "Count 16"); and failing to file a federal income tax return for the calendar years 2008 and 2009, in violation of 26 U.S.C. § 7203 ("Count 17" and "Count 18"). On February 1, 2013, R. Christie pled not guilty to the charges in the Superseding Indictment. [Minutes, filed 2/1/13 (dkt. no. 540).] At all times relevant to his § 2255 Motion, R. Christie was represented by Thomas Otake, Esq., during the proceedings in this district court.[1]

On April 1, 2013, S. Christie and R. Christie ("the Christies") jointly filed a motion seeking a ruling that they would be allowed to present a defense under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1. [Motion in Limine to Present Religious Freedom Restoration Act Defense ("RFRA Motion"), filed 4/1/13 (dkt. no. 587).] The Christies presented evidence that R. Christie was the founder and leader of the THC Ministry. [RFRA Motion, Decl. of Roger Christie ("R. Christie Decl.") at ¶ 10.] R. Christie stated: "I consume, possess, cultivate and distribute Cannabis as sanctioned and required by my legitimate religion and sincere religious beliefs

---

[1] R. Christie was initially represented by Federal Public Defender Matthew Winter. On April 19, 2011, First Assistant Federal Public Defender Alexander Silvert took over as R. Christie's counsel. [Dkt. no. 247.] On March 19, 2012, Mr. Silvert filed a motion to withdraw, and the motion was granted on March 23, 2012. Mr. Otake was appointed as counsel. [Dkt. nos. 370 (motion to withdraw), 374 (minutes of hearing).]

3

as a member of the THC Ministry.  The consumption, possession, cultivation and distribution of Cannabis are essential and necessary components of the THC Ministry." [Id. at ¶ 44.]  The RFRA Motion asserted R. Christie was entitled to present a RFRA defense at trial because he made a prima facie showing that the charges against him substantially burdened his sincere exercise of his religion, and the Government did not establish the prosecution was the least restrictive means of furthering a compelling governmental interest.

On September 11, 2013, an entering order was issued informing the parties the RFRA Motion was denied ("9/11/13 RFRA Ruling"). [Dkt. no. 719.]  The 9/11/13 RFRA Ruling was superseded by subsequent written orders.  This Court concluded: the Christies established a prima facie case under RFRA, and the burden shifted to the Government to establish a compelling interest in enforcing the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* ("CSA"); and prosecuting the Christies was the least restrictive means of furthering the compelling interest. [First Preliminary Ruling as to Defs.' Motion in Limine to Present Religious Freedom Restoration Act Defense, filed 12/30/13 (dkt. no. 810), at 15-16.]  Ultimately, this Court concluded the Government met its burden as to both elements and denied the RFRA Motion.  [Order Denying Defs.' Motion in Limine to Present

Religious Freedom Restoration Act Defense, filed 12/30/13 (dkt. no. 811), at 24-25, 28.]

While the Christies were litigating the RFRA Motion, they were also litigating the issue of whether they could raise an entrapment defense at trial. [R. Christie's Notice of Intent to Rely on Defense of Entrapment by Estoppel at Trial, filed 7/29/13 (dkt. no. 658); Motion in Limine to Prohibit Defendant Roger Cusick Christie from Presenting Defense of Entrapment by Estoppel ("Entrapment Motion"), filed 8/6/13 (dkt. no. 663).] A hearing on the Entrapment Motion was held on September 19, 2013, and an outline of this Court's ruling was issued on September 20, 2013 ("9/20/13 Entrapment Ruling"). [Minutes, filed 9/19/13 (dkt. no. 730); Minutes (further hearing), filed 9/19/13 (dkt. no. 732); 9/20/13 Entrapment Ruling (dkt. no. 735).] The 9/20/13 Entrapment Ruling stated R. Christie had to make a showing of how statements allegedly made to him by state and county officials were relevant to his entrapment by estoppel defense before the testimony would be presented to the jury, and S. Christie made a prima facie showing to raise the defense. [9/20/13 Entrapment Ruling at 2.] A written order denying the Entrapment Motion was filed on December 30, 2013. [Dkt. no. 812.]

After the 9/11/13 RFRA Ruling and the 9/20/13 Entrapment Ruling, pursuant to a plea agreement, R. Christie entered a conditional plea of guilty to Counts 1, 17, and 18.

[Mem. of Plea Agreement ("Plea Agreement"), filed 9/27/13 (dkt. no. 742); Minutes, filed 9/27/13 (dkt. no. 743) (change of plea hearing).] In the Plea Agreement, R. Christie reserved the right to appeal certain pretrial rulings, including the denial of the RFRA Motion. The Plea Agreement stated R. Christie could withdraw his guilty plea to Count 1 if any of those pretrial rulings were reversed on appeal, and he could withdraw his guilty plea to Counts 17 and 18 if the rulings on the motion to suppress were reversed. The Plea Agreement expressly stated the reservation of R. Christie's right to appeal those rulings did not authorize him to challenge those rulings in collateral proceedings, including through a § 2255 motion. [Plea Agreement at ¶¶ 4, 5B-5D.] R. Christie waived his right to bring a collateral attack against his sentence, or the manner in which it was determined, except for challenges based on the ineffective assistance of counsel. [Id. at ¶ 14.a.]

R. Christie's guilty plea was accepted and he was adjudicated guilty on October 22, 2013. [Dkt. no. 766.] R. Christie's sentencing hearing was held on April 28, 2014. [Minutes, filed 4/28/14 (dkt. no. 926) ("Sentencing Minutes").] The Plea Agreement was accepted, and R. Christie was sentenced to: sixty months of imprisonment as to Count 1 and twelve months each as to Counts 17 and 18, all to be served concurrently; four years of supervised release as to Count 1 and one year each as to

Counts 17 and 18, all to be served concurrently; and $13,944.00 in restitution. [Id. at 1-2.] The Government's oral motion to dismiss the remaining charges against him was granted. [Id. at 4.] The Judgment in a Criminal Case was filed on April 29, 2014.[2] [Dkt. no. 929.]

R. Christie filed his Notice of Appeal on May 8, 2014. [Dkt. no. 939.] The Ninth Circuit affirmed both the judgment against R. Christie in this case and the judgment against S. Christie in CR 13-889 in an opinion filed on June 14, 2016. United States v. Christie, 825 F.3d 1048 (9th Cir. 2016).

The § 2255 Motion followed. It alleges the following grounds: 1) R. Christie's guilty plea was not knowingly and voluntarily made because his attorney advised him that he had no other choice but to plead guilty after the denial of the RFRA Motion ("Ground One"); 2) the Government intentionally suppressed material exculpatory and impeachment evidence, and R. Christie would not have pled guilty if he had known about the evidence ("Ground Two"); 3) counsel rendered ineffective assistance in this district court because counsel failed to fully investigate the facts of the case and to file appropriate motions and on

---

[2] The charges against S. Christie in this case were dismissed, and she entered a conditional guilty plea to a one-count Information in Criminal Number 13-00889 LEK ("CR 13-889"). [Order for Dismissal of First Superseding Indictment, filed 4/30/14 (dkt. no. 934); CR 13-889, Information, filed 9/26/13 (dkt. no. 1); id., Amended Judgment in a Criminal Case, filed 5/1/14 (dkt. no. 28).]

appeal because counsel failed to raise the ineffective assistance in the district court as grounds for appeal ("Ground Three"); 4) denying R. Christie the ability to present his RFRA defense was such a fundamental denial of his rights that it was per se unconstitutional ("Ground Four"); and 5) R. Christie is entitled to § 2255 relief because of the Government's overreaching in the underlying proceedings ("Ground Five"). [§ 2255 Motion at 5-9(a).]

**STANDARD**

Section 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

This district court has described the standards applicable to § 2255 motions as follows:

> A court may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R. 4(b), Rules Governing Section 2255 Proceedings. A court need not hold an evidentiary hearing if the allegations are "palpably incredible [or] patently frivolous," Blackledge v. Allison, 431 U.S. 63, 76 (1977) (internal quotation marks and citation omitted), or if the issues can be conclusively decided on the basis of the evidence in the record. See United States v. Mejia-Mesa,

8

> 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Conclusory statements in a § 2255 motion are insufficient to require a hearing. <u>United States v. Johnson</u>, 988 F.2d 941, 945 (9th Cir. 1993). A petitioner must "allege specific facts which, if true, would entitle him to relief." <u>United States v. Rodrigues</u>, 347 F.3d 818, 824 (9th Cir. 2003) (internal quotation marks and citation omitted).

<u>United States v. Sherman</u>, Cr. No. 16-00169 JMS, 2017 WL 4560150, at *1 (D. Hawai`i Oct. 12, 2017) (alteration in <u>Sherman</u>).

The issues raised in R. Christie's § 2255 Motion are legal issues that "can be conclusively decided on the basis of the evidence in the record," including the record of the underlying proceedings. See <u>Mejia-Mesa</u>, 153 F.3d at 929. An evidentiary hearing is therefore unnecessary in this case.

## **DISCUSSION**

### I. Procedural Bar

At the outset, it must be noted that many of the grounds in R. Christie's § 2255 Motion may be procedurally barred. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998) (citations and internal quotation marks omitted).

> Generally, to demonstrate "cause" for procedural
> default, an appellant must show that "some
> objective factor external to the defense" impeded
> his adherence to the procedural rule. Murray v.
> Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L.
> Ed. 2d 397 (1986).[3]  However, if the record
> shows that an appellate counsel's performance fell
> below the standard of competency of counsel set
> forth in Strickland v. Washington, 466 U.S. 668,
> 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), or that
> he was denied representation by counsel on appeal
> altogether, he has demonstrated cause for his
> procedural default.  See Murray, 477 U.S. at 488,
> 106 S. Ct. 2639 ("Ineffective assistance of
> counsel, then, is cause for a procedural
> default."); Allen v. Risley, 817 F.2d 68, 69 (9th
> Cir. 1987) ("'Attorney error short of ineffective
> assistance of counsel does not constitute cause
> for a procedural default.'") (quoting Murray, 477
> U.S. at 492, 106 S. Ct. 2639). . . .

United States v. Skurdal, 341 F.3d 921, 925-26 (9th Cir. 2003) (some citations omitted).  This district court has recognized that § 2255 motions alleging ineffective assistance of counsel claims should not be procedurally barred "because the record may not be properly developed to raise ineffective assistance of counsel claims on direct appeal."  Gowadia v. United States, CRIM. NO. 05-00486 SOM, 2015 WL 5838471, at *3 (D. Hawai`i Oct. 5, 2015) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Although R. Christie alleges violations of his constitutional rights in the course of the proceedings and that

---

[3] Murray was superseded on other grounds by the Antiterrorism and Effective Death Penalty Act.  See, e.g., United States v. Gonzalez-Largo, No. 2:07-cr-0014 JCM (RJJ), 2012 WL 3245522, at *2 (D. Nev. Aug. 7, 2012).

his guilty plea was not knowingly and voluntarily made, he does not deny he committed the conduct which forms the basis of the charges that he pled guilty to. He must therefore establish cause and prejudice to overcome any procedural bar.

R. Christie's alleged cause is that he was denied constitutionally effective assistance of counsel. Mr. Otake represented R. Christie through most of the proceedings in this district court, as well as on appeal. Thus, to the extent R. Christie alleges Mr. Otake made errors in this district court and on appeal, the record may not have been fully developed to raise ineffective assistance. If R. Christie establishes ineffective assistance of counsel, it would establish cause for purposes of the procedural bar analysis.

## II. Ground One - Was the Guilty Plea Knowing and Voluntary

Ground One alleges R. Christie's guilty plea was not knowingly and voluntarily made because his counsel advised him he had no choice but to plead guilty because of the denial of the RFRA Motion. Mr. Otake denies making such statements to R. Christie or otherwise forcing R. Christie to plead guilty. [Response, Exh. 2 (Decl. of Thomas M. Otake ("Otake Decl.")) at ¶¶ 6, 17.] Mr. Otake states that, at "countless meetings" with R. Christie, they discussed R. Christie's options and Mr. Otake "emphasized to Mr. Christie that the decision to either proceed to trial or plead guilty was his and his alone" and, "if he

11

decided to proceed to trial, [Mr. Otake] would do [his] best to represent him and fight for him in court." [Id. at ¶¶ 7-9.] According to Mr. Otake, R. Christie "was obsessed with making new case-law that would help in his fight to legalize marijuana," and "very concerned with helping his wife, co-defendant Share Christie, avoid a mandatory minimum sentence." [Id. at ¶ 10.]

After the pre-trial motion rulings, R. Christie "became interested in a conditional plea agreement that would allow him to appeal the Court's rulings, and allow Ms. Christie to plead to a non-mandatory minimum offense." [Id. at ¶ 11.] Mr. Otake and the Assistant United States Attorney ("AUSA") on the case discussed the possibility of a conditional plea agreement, and Mr. Otake "kept Mr. Christie informed at every step of the process." [Id. at ¶ 12.] The AUSA proposed what Mr. Otake believed was a reasonable plea agreement, and Mr. Otake discussed it with R. Christie "for hours . . . and had multiple meetings with him to help him make a decision." [Id. at ¶ 14.] Mr. Otake told R. Christie he could reject the plea agreement and proceed to trial. [Id. at ¶ 15.]

On September 19, 2013, Mr. Otake and R. Christie had a joint meeting with S. Christie and her counsel, Lynn Panagakos, Esq. The Christies were informed of their options regarding the proposed plea agreement, including the option to reject the proposal and proceed to trial. [Id. at ¶ 16.] Mr. Otake's

12

declaration is consistent with the declaration by Ms. Panagakos that the Government submitted in response to S. Christie's motion for 28 U.S.C. § 2255 relief. [CR 13-889, United States' Response to Def.'s Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("S. Christie § 2255 Motion"), filed 9/25/17 (dkt. no. 121), Exh. 2 (Decl. of Lynn E. Panagakos) at ¶ 11.] According to Mr. Otake, R. Christie understood he could proceed to trial and R. Christie made the decision to accept the proposed plea agreement. [Otake Decl. at ¶ 17.]

Prior to the change of plea hearing, Mr. Otake met with R. Christie and again reviewed the language of the plea agreement and R. Christie's options. "Mr. Christie assured [Mr. Otake] that accepting the plea agreement was the path that he settled on." [Id. at ¶ 18.] At the change of plea hearing, R. Christie stated he was satisfied with Mr. Otake's representation. [Trans. of 9/27/13 change of plea hrg. ("9/27/13 Plea Trans."), filed 6/20/17 (dkt. no. 1121), at 3.] When the magistrate judge asked R. Christie: "Has anyone attempted in any way to force you to plead guilty here this morning?" R. Christie responded: "No, not at all." [Id. at 5.] When the magistrate judge asked R. Christie: "Are you pleading guilty of your own free will, because you are in fact guilty?" R. Christie responded: "Yes. I'm guilty of possessing marijuana with the intent to distribute

13

it.  However, I reserve the right to argue on appeal that my actions were permissible pursuant to the Religious Freedom Restoration Act."  [Id.]

Even without considering whether R. Christie's statements in the § 2255 Motion and his reply are more credible than the statements in the Otake Declaration,[4] R. Christie's own statements in the plea hearing show that he knowingly and voluntarily entered his guilty plea and that he did not plead guilty because his counsel advised him he had no other choice. Ground One therefore fails on the merits, based on R. Christie's statements discussed above.  Because the argument is without merit, Mr. Otake did not render ineffective assistance by failing to raise the argument on appeal.  The § 2255 Motion is therefore denied as to Ground One.

## III. **Ground Two - Alleged Withholding of Evidence**

Ground Two alleges the Government intentionally withheld material exculpatory and impeachment evidence. R. Christie asserts United States Drug Enforcement Agency ("DEA") Agent Clement Sze's affidavits about the Hawai`i County Police Department's ("HCPD") use of a confidential source ("CS") were

---

[4] An evidentiary hearing is required when credibility determinations are necessary to weigh conflicting declarations in a § 2255 proceeding.  See Esparza v. United States, Civ. No. 07-00375 SOM/LEK, 2008 WL 314243, at *6 (D. Hawai`i Feb. 5, 2008) (citing United States v. Chacon-Palomares, 208 F.3d 1157, 1159 (9th Cir. 2000)).

withheld from the defense and improperly sealed by this Court. He alleges the use of the CS, who had a criminal record and was being paid by HCPD, violated his constitutional and statutory rights because the CS "infiltrate[d] defendants' home, and 'private areas' of defendants' Ministry, and secretly record[ed] private conversations, without consent of defendants, or consent of any other person entitled to the privacy therein," and "obtain[ed] photographs and videos, from as early as 2004." [§ 2255 Motion at 6.] R. Christie contends that, if this information had not been withheld from the defense, he would not have pled guilty and would have proceeded to trial.

This is the same argument S. Christie made in ground two of her § 2255 Motion. [CR 13-889, S. Christie § 2255 Motion at 6.] This Court rejected the argument in denying the S. Christie § 2255 Motion. [Id., Order Denying Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Denying a Certificate of Appealability ("Order Denying S. Christie § 2255 Motion"), filed 2/27/18 (dkt. no. 125), at 17-20.[5]] R. Christie does not present any argument or evidence that warrants a different result. For the same reasons set forth in the Order Denying S. Christie § 2255 Motion, the arguments in R. Christie's Groung Two are

---

[5] The Order Denying S. Christie § 2255 Motion is also available at 2018 WL 1073128.

15

without merit, and therefore Mr. Otake did not render ineffective assistance by failing to raise these arguments during his representation of R. Christie.  R. Christie's § 2255 Motion is therefore denied as to Ground Two.

IV. **Ground Four - Presentation of RFRA Defense**[6]

Ground Four alleges the denial of R. Christie's right to present his RFRA defense was a fundamental violation of the adversarial process which constitutes a per se violation of his constitutional rights.  This is ths same argument raised in ground four of the S. Christie § 2255 Motion, and this Court denied her motion as to that ground.  See CR 13-889, S. Christie § 2255 Motion at 9; Order Denying S. Christie § 2255 Motion, 2018 WL 1073128, at *7.  R. Christie does not present any argument or evidence that warrants a different result.  For the same reasons set forth in the Order Denying S. Christie § 2255 Motion, the arguments in R. Christie's Groung Four are without merit, and therefore Mr. Otake did not render ineffective assistance by failing to raise these arguments during his representation of R. Christie.  R. Christie's § 2255 Motion is denied as to Ground Four.

---

[6] Because Ground Three seeks § 2255 relief based on ineffective assistance of counsel and ineffective assistance of counsel is discussed in all of the other grounds as part of the procedural bar analysis, Ground Three will be discussed last.

## V. Ground Five - Government Overreaching

Ground Five alleges "[g]ross and unconscionable overreaching of the government." [§ 2255 Motion at 9(a).] This is ths same argument raised in ground five of the S. Christie § 2255 Motion, and this Court denied her motion as to that ground. See CR 13-889, S. Christie § 2255 Motion at 9(a); Order Denying S. Christie § 2255 Motion, 2018 WL 1073128, at *8. R. Christie does not present any argument or evidence that warrants a different result. For the same reasons set forth in the Order Denying S. Christie § 2255 Motion, the arguments in R. Christie's Groung Five are without merit, and therefore Mr. Otake did not render ineffective assistance by failing to raise these arguments during his representation of R. Christie. R. Christie's § 2255 Motion is therefore denied as to Ground Five.

## VI. Ground Three - Ineffective Assistance

Finally, this Court turns to R. Christie's claim that his counsel rendered constitutionally ineffective assistance. This Court has already rejected R. Christie's claim that Mr. Otake rendered ineffective assistance by failing to raise the arguments R. Christie now asserts in Grounds One, Two, Four, and Five of the § 2255 Motion. In addition, R. Christie alleges Mr. Otake rendered ineffective assistance because he failed to conduct a full investigation of the facts of the case and failed

17

to "file motions under 18 USC 3504; 18 USC 2511(2)(d); HRS []§ 711-1111 (2007); HRS § 803-42(b)(3) and 18 USC 2515." [§ 2255 Motion at 7.] This is ths same argument raised in ground three of the S. Christie § 2255 Motion, and this Court denied her motion as to that ground. See CR 13-889, S. Christie § 2255 Motion at 7; Order Denying S. Christie § 2255 Motion, 2018 WL 1073128, at *8-11. R. Christie does not present any argument or evidence that warrants a different result. For the same reasons set forth in the Order Denying S. Christie § 2255 Motion, all of R. Christie's claims of alleged ineffective assistance of counsel fail, and the § 2255 Motion is therefore denied as to Ground Three.

Because all of the grounds R. Christie raised have been denied, his § 2255 Motion is also denied.

## VII. Certificate of Appealability

This district court has stated that:

> In dismissing a § 2255 motion, the court must also address whether [defendant/petitioner] should be granted a certificate of appealability ("COA"). See R. 11(a), Rules Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
>
> "The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by* Swarthout v. Cooke,

> 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity, but something less than a merits determination." Id. (internal quotation marks omitted).
>
> The court carefully reviewed [the defendant/petitioner's] assertions and gave him every benefit by liberally construing them. Based on the above analysis the court finds that reasonable jurists could not find the court's rulings debatable.

Leon v. United States, Civ. No. 15-00099 JMS-BMK, 2015 WL 3965895, at *9-10 (some alterations in Leon). Reasonable jurists would not find that the rulings in this Order regarding R. Christie's § 2255 Motion are debatable. A certificate of appealability therefore will not be issued.

## **CONCLUSION**

On the basis of the foregoing, Roger Cusick Christie's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed May 2, 2017, is HEREBY DENIED. In addition, this Court DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 15, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. ROGER CUSICK CHRISTIE; CR 10-00384(01) LEK; ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING A CERTIFICATE OF APPEALABILITY**